[L. A. 27283. In Bank. Feb. 6, 1964.]

KENNETH M. SNAPP et al., Plaintiffs and Appellants, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Respondent.

Roger Bentley for Plaintiffs and Appellants.

Bert W. Levit, David C. Bogert and Long & Levit for Defendant and Respondent.

PETERS, J.—The sole point involved on this appeal is whether, under the circumstances of this case, after the judgment was reversed with directions, and, pursuant to such directions, a revised judgment was entered, interest should start to run from the date of the original judgment or from the date of the revised judgment. We have concluded that under the rules announced in *Stockton Theatres, Inc.* v. *Palermo*, 55 Cal.2d 439 [11 Cal.Rptr. 580, 360 P.2d 76], in such a case, interest should be awarded from the date of entry of the original judgment.

The problem arises under the following circumstances. The Snapps had a policy of insurance in the amount of $25,000 with the State Farm Fire and Casualty Company, insuring them against all but certain excepted risks not here involved, for any physical loss to certain described real property. During the term of the policy the insured house began to slip due to a faulty fill, and was badly damaged. After the insurance company had denied liability, the insured brought an action for declaratory relief. In that action the questions involved were whether the policy covered the injury involved, and, if so, the extent of liability. The trial court held that the policy covered the injury, that the insured had suffered damage far in excess of the $25,000 limits of the policy, but that the company was only liable to the extent of damage that had occurred up to the termination date of the policy. It fixed such damage at $8,168.25. Judgment was entered for that amount on October 31, 1960. This is the original judgment. Although the trial court limited the recovery, it also found that plaintiffs had actually suffered a loss far in excess of $25,000, the amount of the policy, and, on substantial evidence, found that the damage occurring after the termination date of the policy, for which it denied recovery, was a continuation of the damage that had started during the term of the policy, and was caused by factors existing before the termination date. The Snapps appealed.

The appellate court held that the policy covered the kind of damages suffered. That determination is now final, and is not challenged. The appellate court then held that the insurance company was liable, under the findings, and as a matter of law, not only for the $8,168.25, the amount of damage that

had occurred before the termination date of the policy, but was also liable, up to the full amount of the policy, for the damage that occurred after the termination date caused by factors existing and operative before the termination date. Since the findings were explicit that the damage occurring after the termination date exceeded $25,000, and was caused by factors existing and operative before the termination date, the appellate court ruled that, as a matter of law, the insurance company was liable not only for the $8,168.25 but for the full amount of the policy, that is for $25,000. Instead of directly ordering that the findings and judgment should be modified by increasing the judgment to $25,000, and affirming the judgment as so modified, the appellate court provided "... the judgment is reversed with directions to enter judgment for plaintiffs in the amount of $25,000." (*Snapp* v. *State Farm Fire & Cas. Co.*, 206 Cal.App.2d 827, 834 [24 Cal.Rptr. 44].)

The trial court, acting pursuant to that order, on November 23, 1962, without the taking of further evidence, entered its judgment against the insurance company for $25,000. This is the revised judgment. The trial court, however, over plaintiffs' objection, allowed interest only from the date of entry of the revised judgment, that is from November 23, 1962. Apparently, out of an abundance of caution, the trial court also provided that "said judgment [is] to be without prejudice to the right of plaintiffs SNAPP to appeal from the denial of interest from the date of entry of the original judgment."

As already pointed out, the sole question now presented is whether interest on $25,000 should be allowed from the date of the original judgment or only from the date of the revised judgment. This in turn depends upon whether the reversal of the original judgment was, in fact and in law, a mere reversal, or was, in fact and in law, a modification. (For a general discussion of the differences between a reversal and a modification see 4 Cal.Jur.2d, Appeal and Error, § 661, p. 543; § 662, p. 546; § 666, p. 550; § 669, p. 558.) The law on this subject was summarized in the *Stockton Theatres* case, *supra*, 55 Cal.2d 439, 442, as follows:

"A judgment bears legal interest from the date of its entry in the trial court even though it is still subject to direct attack. (*Bellflower City School Dist.* v. *Skaggs*, 52 Cal.2d 278, 280 [339 P.2d 848].) When a judgment is modified upon appeal, whether upward or downward, the new sum

draws interest from the date of entry of the original order, not from the date of the new judgment. (*Beeler* v. *American Trust Co.*, 28 Cal.2d 435, 438 [170 P.2d 439]; *Barnhart* v. *Edwards*, 128 Cal. 572, 575 [61 P. 176]; 1 A.L.R.2d 479, 510-512, 520-521.) ▆ On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment.''

▆ These rules are not challenged by the parties. Thus the question presented is whether the original judgment was ''reversed'' or ''modified.''

The respondent insurance company argues that, on the first appeal, the appellate court had the election to reverse or to modify; that it elected to reverse; and that a general reversal, with or without a direction, vacates the original judgment so that there is no judgment in existence until a new judgment is entered in conformity with the remittitur. This position finds some support in the broad and general language of *Cowdery* v. *London etc. Bank*, 139 Cal. 298 [73 P. 196, 96 Am.St.Rep. 115]. Respondent and the trial court rely on the language appearing in that case, at page 304, where it is stated: ''We are bound to assume that this court in this case acted advisedly and deliberately, and had good reason for ordering a reversal rather than a modification and affirmance. The part of the order directing the entry of a new judgment related solely to the proceedings after the reversal and the return of the case to the court below, and was not intended to, nor could it, change the reversal to a mere modification. Neither can the fact that it may now appear to us that the same result could have been reached by a modification justify this court in now changing the effect of the mandate.''

That language, when applied to the facts of the *Cowdery* case, embodies sound principles of law, but it is much too broad when applied to facts such as are involved in the instant case. In referring to that very language in the *Stockton Theatres* case, *supra*, 55 Cal.2d 439, 446, it was stated: ''Not only did the *Cowdery* case not involve any question of costs, or of interest on costs, but it involved what the Supreme Court held was an indivisible judgment. That judgment was reversed. Hence it no longer existed. Here the order allowing the $1,097.37 has existed since December 17, 1954, and has long since become final. That allowance of costs has never been vacated. The legal effect of the so-called 'reversal' was

not to reverse the allowance of costs, but to add to that allowance. Hence the *Cowdery* case is not in point."

In the present case we are not dealing with an indivisible judgment as was involved in the *Cowdery* case, *supra*, 139 Cal. 298. The obligation to pay at least $8,168.25 has existed ever since the entry of the original judgment. This obligation was not set aside and vacated by the "reversal." The legal effect of that reversal was to determine that as of the date of the original judgment plaintiffs were entitled to $25,000. Thus the original judgment was increased from $8,168.25 to $25,000, based solely on the record then before the appellate court. No issues remained to be determined. No further evidence was necessary. Thus the so-called "reversal" with directions, was, in fact and in law, a "modification."

This is amply demonstrated by the rules set forth in the *Stockton Theatres* case, *supra*, 55 Cal.2d 439. There it was held that interest on an item of costs accrued from the date on which the trial court, as a matter of law, should have allowed it, notwithstanding that this court's subsequent correction of the trial court's erroneous determination was couched in terms of a reversal with directions, rather than as a modification. At page 443 we there stated: "The legal effect of this 'reversal' was to make the order of April 12, 1957, state what it should have stated on that date. In a very real sense, in legal effect, it increased the original amount awarded as costs, and determined that, after showing necessity, plaintiff was entitled to this award as of April 12, 1957. Instead of reversing with directions, by allowing the item and then affirming the order as modified, this court 're-versed.' This 'reversal' obviously was, in law and in fact, a modification. When the facts are considered in their entire context this conclusion is inescapable."

Again, at page 444, it was stated: "The result of that order, couched in terms of a 'reversal,' was to hold that on April 12, 1957, plaintiff was legally entitled not only to the costs totaling $1,097.37 that had not been contested, but was entitled to an additional $6,980.49, making the total amount of costs on appeal to which plaintiff is entitled the sum of $8,077.86. That was the legal effect of the order of 'reversal' contained in the opinion in 51 Cal.2d 346 [333 P.2d 10], *supra*. Although the order in that case was couched in terms of a reversal with directions, it had the legal and practical effect of modifying the original award. When, on January 20, 1959, the trial court, pursuant to directions, entered its order

allowing the bond premium as a cost on appeal, it was necessarily deciding, pursuant to the order contained in the opinion in 51 Cal.2d 346 [333 P.2d 10], *supra*, that not only was such item recoverable, but that it should have been recoverable as of April 12, 1957. Thus, assuming that the rules applicable to interest on judgments generally should be applied to interest on awards of costs on appeal, the rule that is applicable is that such award when modified on appeal, whether upward or downward, bears interest from the date of entry of the original order, not from the entry of the new judgment. As applied to the facts of this case this means that the award should bear interest from April 12, 1957.''

The application of these rules to the facts of the instant case is obvious. The District Court of Appeal on the first appeal decided that the plaintiffs were not only entitled to recover $8,168.25, on October 31, 1960, but on that date were entitled to recover more—that is, as a matter of law, the trial court should have allowed $25,000. This required no further determination of law or of fact. It required no taking of evidence. It required no legal showing or argument. The appellate court decided, as a matter of law, that $25,000 was owed. There never was a "reversal" of the determination that at least $8,168.25 was owed, but simply a determination that the amount due was, at all times involved, in fact $25,000. The original judgment was not vacated or declared void. It was declared insufficient as a matter of law. There never was a vacation of the original judgment. The original judgment was simply insufficient. Thus the facts in this case parallel those in the *Stockton Theatres* case, and the rules there announced are controlling. The broad language above quoted from the *Cowdery* case, insofar as it implies that the rules there stated should apply to cases like the instant one, is disapproved.

It is not the form of the order on the first appeal that controls, but the substance of that order. Obviously, since the appellate court on the first appeal decided that not $8,168.25 but $25,000 was due as a matter of law, and no further proceedings were required, it could and perhaps should have formally modified the first judgment, as was done in *Feckenscher* v. *Gamble*, 12 Cal.2d 482, 500 [85 P.2d 885], instead of reversing it. ■ The important question as to when interest commences should not depend on mere formalism, but on the substance of the order. The *Stockton Theatres* case holds that a "reversal" that practically and legally is a "modifi-

cation," should be treated for purposes of the accrual of interest as a modification. If that test be applied here, it is obvious that the trial court should have held that interest on the judgment started on October 31, 1960.

The judgment for $25,000 is modified to provide that it bears interest from October 31, 1960. As so modified, the judgment is affirmed. Appellants to recover costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Tobriner, J., and Peek, J., concurred.