[Civ. No. 842.   Fifth Dist.   Dec. 28, 1967.]

RAYMONDO ESPINOZA, Plaintiff and Appellant, v. ALBERT WILLIAM ROSSINI, JR., et al., Defendants and Respondents.

LaCoste, Keller & Strauss and Edward C. Keller for Plaintiff and Appellant.

Cardozo, Trimbur & Nickerson and A. A. Cardozo, Jr., for Defendants and Respondents.

CONLEY, P. J.—On April 27, 1965, a judgment on a jury's verdict was entered by the clerk of the Stanislaus County Superior Court for $32,000 and costs against the defendant William Rossini, Jr., and for $10,000 and costs against his employer, Rossini Brothers, for serious personal injuries sustained by plaintiff. The defendants moved for a new trial and for the entry of a judgment in their favor notwithstanding the verdict. Both of these motions were granted. The plaintiff, through his counsel, filed a cost bill in due course.

The plaintiff appealed the case, and, in due time, the Court of Appeal, Fifth Appellate District, reversed the orders of the lower court granting a new trial and judgment notwithstanding the verdict. On December 27, 1966, this court amended the last paragraph of the opinion as originally filed to read as follows:

"The order granting a new trial and the judgment notwithstanding the verdict are reversed with directions to enter a judgment on the verdict in favor of Raymondo Espinoza and against Albert William Rossini, Jr. and Rossini Brothers in the total sum of $32,000 plus costs, the liability of Rossini Brothers under said judgment to be limited to $10,000 plus costs."

The present controversy is whether or not plaintiff and appellant herein, Raymondo Espinoza, is entitled to the item contained in his cost bill of $6.13 per day from April 30, 1965, to February 25, 1967. A regularly filed motion to tax costs by eliminating interest in that sum for the time specified was made by the defendants and granted by the court, which said in its order:

"It Is Hereby Ordered, Adjudged and Decreed, as follows:

"1. That Plaintiff's motion to be paid interest on the Judgment herein entered on April 27, 1965, at the legal rate from aforesaid date is denied.

"2. It is further ordered that interest on said Judgment at

the legal rate will run only from the date of entry of the Judgment directed to be entered herein by the Honorable Associate Judge J. GARGANO, of the First [Fifth] District Court of Appeals.''

Section 1033 of the Code of Civil Procedure provides for interest upon a judgment from the time of its rendition. The legal rate is 7 percent per annum.

■ California cases hold that interest on a judgment is not suspended by appeal or certiorari when there is an *affirmance*. (See *Columbia Sav. Bank* v. *County of Los Angeles*, 137 Cal. 467, 471-472 [70 P. 308].) ■ Also, it has been enunciated that the modification of a judgment on appeal by *reducing its amount* does not prevent it from drawing interest from the date of the judgment below. (See *Clark* v. *Dunnam*, 46 Cal. 204; *Barnhart* v. *Edwards*, 128 Cal. 572 [61 P. 176].) ■ If a judgment is modified on appeal but not in such a way as to disturb the amount as found in the court below, it will also bear interest from the date of its rendition in the lower court. (*Dougherty* v. *Miller*, 38 Cal. 548.)

■ When a verdict or decision, as in Code of Civil Procedure section 1033, is rendered, regardless of whether any interest by specific provision is included, the award bears interest at the legal rate of 7 percent for the interim period following verdict or decision until entry of judgment. (See *United States Nat. Bank* v. *Waddingham*, 7 Cal.App. 172 [93 P. 1046]; 3 Witkin, Cal. Procedure (1954) Judgment, § 39, p. 1921.) Interest also continues during an appeal. (See *Beeler* v. *American Trust Co.*, 28 Cal.2d 435 [170 P.2d 439]; 3 Witkin, Cal. Procedure, Judgment, § 39 [1965 Supp. pp. 710-711].) In *Stockton Theatres, Inc.* v. *Palermo*, 55 Cal.2d 439, 442-443 [11 Cal.Rptr. 580, 360 P.2d 76], the court said: '' A judgment bears legal interest from the date of its entry in the trial court even though it is still subject to direct attack. (*Bellflower City School Dist.* v. *Skaggs*, 52 Cal.2d 278, 280 [339 P.2d 848].) When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment. [Citations.] On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. [Citations.]''

In *Bellflower City School Dist.* v. *Skaggs*, 52 Cal.2d 278, 280 [339 P.2d 848], the court stated: ''We note that in ordinary civil cases a judgment bears interest from the date of its

entry even though it is subject to direct attack. (*Glenn* v. *Rice*, 174 Cal. 269, 275-276 [162 P. 1020].) ''

*Snapp* v. *State Farm Fire & Cas. Co.*, 60 Cal.2d 816, 821 [36 Cal.Rptr. 612, 388 P.2d 884], held that when a judgment was *reversed* with directions and, pursuant to such directions, the revised judgment was entered under the rules announced in the *Stockton Theatres* case, *supra*, interest should be required from the date of entry of the original judgment and not from the date of the revised judgment. The court said that the important question as to when interest commences should not depend on ''mere formalism,'' but on the ''substance of the order.'' It was pointed out that the *Stockton Theatres* case, *supra*, held that a so-called *reversal* which practically and legally was merely a modification should be treated for purposes of the accrual of interest as a *modification*.

In the *Snapp* case, *supra*, the plaintiffs had a $25,000 policy of insurance insuring them against all but certain excepted risks for any physical loss to described real property; the insured house began to slip and was damaged; the insured brought an action for declaratory relief after liability had been denied by the company; the trial court held that the policy covered the injury and that the insured policyholder had suffered a loss in excess of $25,000, but that the insurance company was only liable for the damage that had occurred up to the termination date of the policy, which was $8,168.25; judgment was entered for that amount on October 31, 1960. The appellate court, however, held that the policy covered all of the damages suffered, and that the insurance company was liable up to the full amount of the policy; instead of directly ordering that the award should be modified by increasing the judgment to $25,000 and affirming it as so modified, the appellate court ordered that the judgments should be *reversed* with directions to enter judgment for plaintiffs in the amount of $25,000. The Supreme Court then modified the judgment to provide that it also bear interest from October 31, 1960, when the original judgment for the lesser amount was entered saying that the facts parallel those in the *Stockton Theatres* case, *supra*. The court said through Mr. Justice Peters that the solution of the problem depended upon whether the ''reversal of the original judgment was, in fact and in law, a mere reversal, or was, in fact and in law, a modification.''

(See 4 Cal.Jur.2d, Appeal and Error, § 661, p. 543; § 662, p. 546; § 666, p. 550; § 669, p. 558.)

Appellant cites a Utah Supreme Court case, *Hewitt* v. *General Tire & Rubber Co.*, 5 Utah 2d 379 [302 P.2d 712, 714], in which it was held that the plaintiff, who had received a judgment on a jury verdict in the court below, which was set aside upon a renewed motion of the defendant for a directed verdict, nevertheless was entitled to interest on the original reinstated judgment from the date of its entry on the verdict, and not just from the date on which the Supreme Court subsequently reversed the judgment of the trial court and reinstated the jury's award for the plaintiff. The Utah court cited a Texas case, on a similar set of facts which allowed interest at the legal rate from the date of the trial court's judgment, and then closed its opinion by saying: "Nor can we see any good reason why plaintiff should lose his interest because defendant was able to convince the trial court to make an erroneous ruling."

The Utah court further said in the *Hewitt* opinion on page 713: "It is not disputed that the judgment entered by the clerk upon the verdict on April 24, 1953, was a valid judgment, and that the plaintiff would have been entitled to interest on the same had not the trial judge set aside the verdict and judgment thereon and entered judgment for defendant, no cause of action. The court's order entering judgment for the defendant was in error and abortive, and when this court issued its mandate ordering the judgment for defendant vacated and the judgment on the verdict for plaintiff reinstated, it vitalized that judgment to the same extent and with the same force as though the trial court had never entered the abortive and erroneous judgment for defendant."

The Utah court also cited the Missouri case of *Reimers* v. *Frank B. Connet Lumber Co.* (Mo.) 273 S.W.2d 348, 349, wherein the trial court had set aside a verdict and judgment for plaintiff and granted defendant's motion for a new trial. On appeal, the order was reversed; the judgment was reinstated and interest was allowed for the entire time since it was first entered in the trial court.

In *Elpers* v. *Johnson* (Ky.App.) 386 S.W.2d 267, a Kentucky case, the court of appeals upheld the trial court in its award of interest to plaintiff from the date of the original judgment on the verdict, after a judgment notwithstanding the verdict awarded defendant had been reversed on a prior appeal.

The article in 4 American Law Reports, Third Edition, page 1221, discusses at length the *Stockton Theatres* case,

*supra,* and the *Snapp* case, *supra,* and summarizes the rule that the California cases draw a distinction between the situation where the original judgment is actually reversed so as to be wiped out and where, whatever the language of the appellate court, it is in effect merely *modified* by reducing the judgment, and states that in cases of the latter kind interest on the reduced amount properly runs from the date of the original judgment. Where the amount awarded in the trial court has been increased on appeal *either* by direct action of the appellate court or by means of a directive to the trial court to enter a judgment or decree for the increased amount (4 A.L.R.3d 1234), California cases have allowed interest on the judgment at the legal rate from the date of the original judgment, by force of the law, and not by reason of any declaration in the judgment. (*Glenn* v. *Rice,* 174 Cal. 269 [162 P. 1020]; *Beeler* v. *American Trust Co., supra,* 28 Cal.2d 435.)

In *Bond* v. *United Railroads of San Francisco,* 159 Cal. 270, 287 [113 P. 366, Ann.Cas. 1912C 50, 48 L.R.A. N.S. 687], there was a verdict for the plaintiff for $4,500; the defendant moved the trial court to render judgment for the plaintiff for the smaller sum of $405, and the plaintiff moved for a larger judgment in the amount of $6,900. The trial court denied plaintiff's motion, but granted defendant's motion, and caused a judgment to be entered for the smaller sum of $405. Plaintiff moved to vacate, the motion was denied, and plaintiff appealed from the judgment and from the order denying her motion made after judgment. The Supreme Court reversed the judgment and remanded the case to the court below with directions to enter judgment for the plaintiff in the amount of the jury's verdict of $4,500. On application of the plaintiff to modify the Supreme Court's judgment by adding a direction to the trial court that it should include interest on the verdict, the Supreme Court stated that there was ''no intention to restrict the power of the court below, or of its clerk, to perform the ministerial duty of computing the interest which [had] accrued between the date of the return of the verdict and the entry of the judgment and including it in the judgment finally entered. . . .''

The award here is not a *new award,* it is the original award specified in the verdict and the trial court has been instructed to enter a *judgment on that* verdict.

We believe that it is incumbent upon this court to consider not merely the literate form but the substance of the reversal

on the previous appeal, and that it unquestionably was the holding of this court that the originally rendered judgment based on the verdict be recognized as the proper judgment in the case. While the verdict of the jury and the ensuing judgment entered by the clerk temporarily lost its standing by reason of the erroneous granting by the court below of a new trial and a judgment notwithstanding the verdict, this court thereafter held that such orders of the trial court were void. Thereby, it was held by this court that the original judgment based on the jury's verdict was sound. As a matter of law, the original judgment has existed from the date on which it was entered by the county clerk, even though temporarily beclouded by the errors of the trial judge in granting successively the motions after judgment. There is no reason to deprive the winning party of the interest to which he has been entitled from the date of original entry of the verdict.

The order of the trial court, denominated judgment, filed and entered on April 25, 1967, is modified by the reversal of paragraphs (1) and (2) thereof and the substitution of the following:

It is ordered, adjudged and decreed that the plaintiff's motion to be paid interest at the legal rate from April 27, 1965, to the date of payment on the amounts awarded by the principal judgment of April 27, 1965, is granted, in addition to approval of all other items of the cost bill; appellant shall recover his costs on this appeal.

Stone, J., and Gargano, J., concurred.