[Civ. No. 9785. Fourth Dist., Div. One. Dec. 15, 1969.]

EMMA J. MYERS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
CITY OF LOS ANGELES, Respondents.

**COUNSEL**

Kenneth Sperry for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Nathan Mudge, Roger Arnebergh, City Attorney, John A. Daly and George J. Franscell, Assistant City Attorneys, and Felix E. Smith, Deputy City Attorney, for Respondents.

## Opinion

**COUGHLIN, J.**—Charles Myers, a fireman for the City of Los Angeles, sustained a compensable injury during employment; became disabled February 27, 1954; thereafter was paid full salary in lieu of compensation until his retirement for physical disability on September 7, 1954; filed an application for permanent disability compensation; and on April 28, 1965, received a favorable decision from a referee who, on that date, filed his findings and award decreeing Myers' disability became permanent on retirement and he was entitled to compensation therefor in the sum of $12,000, payable at the rate of $30 per week, commencing September 14, 1954 for 400 weeks, and thereafter in the further sum of $18.46 per week for life, together with interest as provided by law. Attorney's fees were fixed at $1,250. At issue was the contention, rejected by the referee, the city chould receive credit for pension payments by it to Myers.

On July 1, 1965 the Industrial Accident Commission granted city's petition for reconsideration, stating:

"This matter involves complex questions of fact and law. The Commission desires to give the matter greater study and is, therefore, granting reconsideration for this purpose.

"For the foregoing reasons:

"It Is Ordered that Petition for Reconsideration filed herein by defendant on May 17, 1965 be, and the same hereby is Granted."

Myers died on February 1, 1968.

On May 7, 1968, the Workmen's Compensation Appeals Board, successor in title and authority to the Industrial Accident Commission, without taking further evidence or hearing further arguments, filed its opinion after reconsideration; agreed in all substantial respects with the opinion of the referee making the findings and award on April 28, 1965; but set aside those findings and award; substituted its findings, which on the issue of liability and amount of compensation were identical in form and substance with those of the referee, fixing compensation in the amount found by the referee and denying the city's claim for credit on account of pension payments; also found, on account of the death of Myers, his widow was entitled to the award; and made an award to Emma J. Myers, surviving widow of Charles Myers, of permanent disability indemnity in the amount previously awarded, viz., $12,000, plus $5,508.99, the latter being the sum of $18.46 per week for the period commencing May 15, 1962, and ending February 1, 1968, the date of Myers' death. Attorney's fees were raised to $1,500. The award also stated: "Interest as provided by law."

On November 25, 1968, pursuant to proceedings regularly instituted, a referee filed supplemental findings and an award decreeing payment of interest at the legal rate on compensation awarded, "payable from April 28, 1965, as to all amounts which by the terms of the Findings and Award of said date were then payable forthwith; and, as to amounts which by the terms of said Findings and Award became due subsequent to the date thereof . . . such interest is payable from the date each such amount became due and payable." Thereafter, pursuant to appropriate proceedings for reconsideration, the Workmen's Compensation Appeals Board set aside the supplemental findings and award; substituted its findings and award in lieu thereof; and decreed payment of interest on the compensation award payable from May 7, 1968, i.e., the date of its decision following reconsideration.

The statute governing interest on workmen's compensation awards provides: "All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award. Such interest shall run from the date of making and filing of an award, as to amounts which by the terms of the award are payable forthwith. As to amounts which under the terms of the award subsequently become due in installments or otherwise, such interest shall run from the date when each such amount becomes due and payable." (Lab. Code, § 5800.)[1]

The issue for determination is whether the date of the filing of the award by the referee or the date of the filing of the decision by the board after reconsideration is the date of the award to which Labor Code section 5800 applies.

Primarily the question is one of interpretation of pertinent provisions of the statute and the action of the appeals board on reconsideration. Involved is the application of two well-established principles of law; one is that "the Workmen's Compensation Act must be liberally construed in the employee's favor" (*Lundberg* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 436, 439 [71 Cal.Rptr. 684, 445 P.2d 300]; *Jones* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 476, 480 [67 Cal.Rptr. 544, 439 P.2d 648]; and the other is that the award of the "Commission" is "subject to those general legal principles which circumscribe and regulate

---

[1]By statutory amendment in 1965, made operative January 15, 1966, judicial powers incident to the determination of workmen's compensation cases theretofore exercised by the Industrial Accident Commission, were conferred upon the Workmen's Compensation Appeals Board. (Lab. Code, § 111.) At that time, pertinent sections of the Labor Code referring to the Industrial Accident Commission were amended to refer to the Workmen's Compensation Appeals Board. Labor Code section 5800 is one of the sections amended in this regard.

the judgments of all judicial tribunals." (*Gouanillou* v. *Industrial Acc. Com.,* 184 Cal. 418, 420-421 [193 P. 937].)

When the referee made and filed his award on April 28, 1965, Labor Code section 115 provided: "[E]very finding, order, decision, or award made and filed by any . . . referee . . . is the finding, order, decision, or award of the commission unless reconsideration is had in accordance with the provisions of Article 1, Chapter 7, Part 4, Division 4 of this code", i.e., Labor Code section 5900 et seq. The foregoing provision was adopted in 1951. Previously section 115 provided the findings and award of the referee became the findings and award of the "Commission" only when approved, confirmed and ordered filed by the "Commission." (Stats. 1945, p. 2688; *Hogeberg* v. *Industrial Acc. Com.,* 201 Cal. 169, 181 [256 P. 413].) It has been said the 1951 amendment delegated to a referee the power to make a final, binding award. (*Conference of Referees* v. *State Personnel Board,* 262 Cal.App.2d 131, 133 [68 Cal.Rptr. 563].) However, both before and after 1951, the actual award in a compensation case was the award of the "Commission" even though made and filed by a referee. (Lab. Code, § 5301; gen. see *National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.,* 34 Cal.2d 20, 27-29 [206 P.2d 841].) The evident purpose of the 1951 amendment was to make the findings and award of the referee the findings and award of the "Commission" immediately upon filing by the referee rather than upon subsequent approval.

We conclude the findings and award of the referee made and filed on April 28, 1965 became the findings and award of the "Commission" on that date.[2] In substance, they were the award and findings of the "Commission" made and filed by the referee.

The issue at hand is the effect of granting city's petition for reconsideration and the board's subsequent decision on reconsideration upon this award as the basis for the date from which interest runs pursuant to Labor Code section 5800.

Of particular concern is the effect of the provision of former Labor Code section 115 that the findings and award made and filed by the referee are the findings and award of the commission: "[U]nless reconsideration is had

---

[2]In 1965 Labor Code section 115 was repealed. (Stats. 1965, p. 3557, § 12), thus eliminating the provision the award of a referee is the "award of the commission unless reconsideration is had." Thereupon the appeals board, apparently pursuant to Labor Code section 5306, adopted rule 10345 which provides: "Orders, findings, decisions and awards issued by a referee shall be the orders, findings, decisions and awards of the Appeals Board unless reconsideration is granted." (Rules of Practice and Procedure of the Workmen's Compensation Appeals Board, rule 10345.) However, the status of the findings and award of the referee in the proceeding at bench is governed by the law in effect at the time they were made and filed, i.e., April 28, 1965, which preceded repeal of Labor Code section 115 and adoption of rule 10345.

in accordance with the provisions of Article 1, Chapter 7, Part 4, Division 4 of this code," i.e., the provisions of the code authorizing reconsideration of the findings and award of the referee by the "Commission." In the proceedings at bench the appeals board and the city contend "reconsideration is had" when a petition for reconsideration is granted; and upon granting, the findings and decision of the referee cease to be the findings and award of the "Commission." Petitioner, Mrs. Myers, contends the clause "unless reconsideration is had" means unless upon reconsideration by the "Commission" a different result is reached; and the findings and award of a referee continue to be the findings and award of the "Commission" until such occurrence.

The effect of the quoted provision of former Labor Code section 115, and the status of an award made and filed by a referee as the award of the "Commission" pending further action by the "Commission" must be determined in light of the statute as a whole.

■ An award of compensation includes the right to interest thereon from the date of making and filing the award (Lab. Code, § 5800); the right to have a judgment upon the award entered in the superior court (Lab. Code, § 5806); the right to obtain a judgment lien (*Greitz* v. *Sivachenko*, 152 Cal.App.2d 849, 850 [313 P.2d 922]); and the right to enforce the judgment by execution. (Gen. see *Vickich* v. *Superior Court*, 105 Cal. App. 587 [288 P. 127].)

■ The following provisions of the statute are pertinent to a consideration of the status of the award of the "Commission" made and filed by the referee after the filing and granting of a petition for reconsideration:

(The quoted provisions were in effect before the statute was amended in 1965 to change the designation of the "Commission" to "Appeals Board," and with this change in designation are in effect at the present time.)

(1) Labor Code section 5910 provides, upon the filing of a petition for reconsideration the award automatically is suspended for a period of 10 days; and also provides the "commission . . . may stay, suspend, or postpone the . . . award during the *pendency of the reconsideration.*" (Italics ours.) The "reconsideration" is pending from the time the petition therefor is granted until the "Commission" concludes its action in the premises. During this time, the award which is the subject of reconsideration must be in existence, otherwise there would be no purpose in conferring upon the "Commission" the power to "stay, suspend or postpone" it during this time.

(2) Labor Code section 5906 provides: "Upon the filing of a petition for reconsideration . . . the commission . . . may with or without further

proceedings . . . affirm, rescind, alter, or amend the . . . award made and filed by a . . . referee on the basis of the evidence previouly submitted in the case, or may grant reconsideration and direct the taking of additional evidence"; Labor Code section 5907 provides: "If at the time of granting reconsideration, it appears . . . no sufficient reason exists for taking further testimony, the commission may affirm, rescind, alter or amend the . . . award made and filed by a . . . referee and *may,* without further proceedings, . . . enter its findings . . . or award based upon the record in the case" (Italics ours); and Labor Code section 5908 provides: "After the taking of additional evidence and a consideration of all of the facts, the commission may affirm, rescind, alter or amend the original . . . award." These provisions bear the interpretation of the award is in existence at the times noted in the code sections, otherwise it could not be affirmed, rescinded, altered or amended. While both sections 5906 and 5907 authorize the "Commission" to affirm the award made and filed by the referee without the taking of additional testimony, only the latter provides the "Commission" *may* enter its findings and award based on the record in the case. The language used supports the interpretation findings and an award by the "Commission" are not essential to an affirmance. In the event the "Commission," upon affirmance after reconsideration, does not make findings and an award, the original findings and award, of necessity, are the only findings and award in existence.

In the proceedings at bench the "Commission" granted reconsideration but did not direct the taking of additional evidence. To the contrary, the order granting reconsideration expressly stated the purpose therefor was "to give the matter greater study." At that time the employee was alive. Obviously reconsideration was not granted for the purpose of altering and amending the award to provide for the termination of payment of compensation upon his death, or the payment to his widow of compensation unpaid at the time of his death. Implicit in the award of the "Commission" made and filed by the referee were the provisions of the statute in contemplation of death of the employee. Labor Code section 4700 provides the death of the employee terminates the disability and any accrued and unpaid compensation shall be paid to his "heirs or other persons entitled thereto, without administration." Thus it is apparent the only evidence before the commission upon reconsideration not a part of the record in the case was that relating to matters independent of its award made and filed by the referee, i.e., evidence of the employee's death.

(3) Labor Code section 5908 also provides an "award made following reconsideration which affirms, rescinds, alters or amends the original . . . award . . . shall not affect any right or the enforcement of any right arising from or by virtue of the original . . . award, *unless so ordered by the*

*commission.*" (Italics ours.) This provision of section 5908, from the plain language of the statute, applies to all awards following reconsideration whether made under section 5906, 5907 or 5908. In the event the commission should "rescind" its award made and filed by the referee and substitute in Lieu thereof its award following reconsideration, the order rescinding the original award, by necessary implication, would terminate the right to interest theretofore existing under Labor Code section 5800. Likewise an order altering or amending the award in respect to liability for compensation, the amount of payment, or the time of payment, by necessary implication terminates the existing right to interest on that part of the award affected by the alteration or amendment. On the other hand, an order affirming the original award would not imply termination of the existing right to interest. In the proceedings at bench at the time the findings and award were made and filed by the referee, the "Commission" was governed by its rule 10854 directing all awards of compensation should provide for interest in accord with Labor Code section 5800, and that "the running of such interest is not suspended by supplementary proceedings including reconsideration or judicial review." (Former rule 10854, Rules of Practice and Procedure of the Industrial Accident Commission.) It would appear the "Commission" interpreted Labor Code section 5908 to provide an award made following reconsideration which affirmed an original award, did not affect the right to interest arising from or by virtue of the original award. ■ It is well established in the interpretation of a statute the construction thereof by the officials charged with its administration must be given great weight. (*Nelson* v. *Dean,* 27 Cal.2d 873, 880-881 [168 P.2d 16, 168 A.L.R. 467]; *Broadway-Locust Co.* v. *Industrial Acc. Com.,* 92 Cal.App.2d 287, 293 [206 P.2d 856].)

The foregoing considerations support the conclusion the findings and award of the referee became the findings and award of the "Commission" when made and filed, and continued to be such unless rescinded, altered or amended by the decision of the appeals board on reconsideration.[3]

---

[3]In *Argonaut Ins. Co.* v. *Industrial Acc. Com.,* 189 Cal.App.2d 23, 27 [10 Cal. Rptr. 745], a referee made and filed findings of fact and an award. The commission granted reconsideration; upon reconsideration set aside the findings and award made by the referee; made and filed its findings and award which, in material respects, differed from those made by the referee; and thereafter granted reconsideration of the later findings and award. The issue on appeal was whether the commission had authority to grant reconsideration of the later award, allegedly a second reconsideration in the matter. The court held the decision by the commission setting aside the findings of fact and award by the referee and making its findings of fact and award in the premises was the first decision in the case and it had a right thereafter to reconsider that decision. In a footnote (p. 27) the court stated: "The commission having granted reconsideration, the findings and award of the referee were not the findings and award of the commission. (Lab. Code, § 115.)" This statement respecting the effect of reconsideration on the status of the findings and award of the referee as the findings

■ The question remains whether the decision of the appeals board was a rescission of the original award, rather than an affirmance, and the substitution of a new award bearing interest from the date of its filing as prescribed by Labor Code section 5800.

As heretofore noted, the decision of the appeals board ordered the findings and award filed on April 28, 1965 "annulled, vacated and set aside"; purportedly substituted in lieu thereof findings of fact identical in substance to those filed on April 28, 1965, with the exception of the finding the employee had died and left surviving him his widow, Emma J. Myers, and the additional finding the reasonable value of the services of the employee's attorney was $1,500 instead of $1,250; and purportedly substituted an award identical in amount and terms to the award filed on April 28, 1965, except the amount payable under the life pension became fixed as of the date of death of the employee. To determine the date from which interest runs pursuant to Labor Code section 5800, the decision of the appeals board following reconsideration must be viewed in light of its substance rather than its form. (*Snapp* v. *State Farm Fire & Cas. Co.*, 60 Cal.2d 816, 818-822 [36 Cal.Rptr. 612, 388 P.2d 884]; *Espinoza* v. *Rossini*, 257 Cal.App.2d 567, 572-573 [65 Cal.Rptr. 110]; *Argonaut Ins. Co.* v. *Workmen's Comp. App. Bd.*, 247 Cal.App.2d 669, 676 [55 Cal. Rptr. 810].) When so viewed it is apparent the decision of the appeals board on reconsideration is an affirmance of its previous award.

■ It is the policy of the law a judgment should bear interest from date of rendition even though subject to direct attack. (*Snapp* v. *State Farm Fire & Cas. Co.*, *supra*, 60 Cal.2d 816, 818; *Espinoza* v. *Rossini*, *supra*, 257 Cal.App.2d 567, 569.) Although reconsideration of an award may encompass a review broader in scope than a review of a judgment on appeal where, as in the proceedings at bench, the only issue reviewed is a question of law, the functions of the reviewing agencies are analagous. In *Snapp* v. *State Farm Fire & Cas. Co.*, *supra*, 60 Cal.2d 816, the Supreme Court held a decision on appeal reversing a judgment in the sum of $8,168.25, with directions to enter judgment in the sum of $25,000, in substance, was a modification and affirmance of the judgment; and that interest should run thereon from the date of the original judgment rather

and award of the commission was not essential to the decision of the case. The findings and award by the commission rather than those by the referee were the first decision by the commission because those by the referee were set aside and others different in material respects were made by the commission. The time when the findings and award of the referee ceased to be those of the commission under Labor Code section 115 was when reconsideration was "had" and the findings and award of the commission became the only findings and award in the proceeding. In light of our consideration of the issue respecting the time when the findings and award of a referee may cease to be the findings and award of the commission, we reject the dicta aforesaid as authority in the premises.

than the date of the judgment entered pursuant to the direction. In *Snapp,* the court disregarded the language of the decision on appeal reversing the judgment which was inconsistent with the actual effect of the decision.

The rationale of the opinion in *Snapp,* because of the analagous status of the judgment therein and the original award in the proceedings at bench, applies to the latter and dictates the conclusion the language of the decision on reconsideration purportedly setting aside the original findings and award, which is inconsistent with the actual effect of the decision, should be disregarded.

The fact payments under the pension award terminated upon death of the employee, his widow thereupon became entitled to payment, and the attorney's fees were increased $250, is not significant in determining whether or not the award upon which interest runs was the original award made and filed on April 28, 1965, or a new award included within the decision upon reconsideration. In the event reconsideration had not been granted interest would have run from April 28, 1965, to date of payment even though in the interim the employee died, payments on the pension award terminated upon his death, and his widow thereupon became entitled to the amounts unpaid. Inclusion in the decision on reconsideration of a finding the employee died and left surviving a widow, and a determination of the rights of the parties under the award in accordance with governing statutory rules, did not constitute an alteration or amendment of the original award in any manner related to the date from which it should bear interest. In substance, the finding of fact authorizing and the award directing termination of compensation and payment to the widow of the amounts unpaid, carried out the provisions implicit in the original award respecting its effect upon death of the employee, a matter over which the appeals board had continuing jurisdiction independently of pending reconsideration proceedings.

The situation at bench is similar to that in *Espinoza* v. *Rossini, supra,* 257 Cal.App.2d 567, 569, where the trial court granted a motion for new trial setting aside a money judgment in favor of the plaintiff; the latter appealed; the appellate court reversed the order granting a new trial with directions to enter judgment on the verdict in favor of plaintiff; a second judgment was entered; plaintiff sought interest on the amount thereof from the date of entry of the original judgment; the trial court ordered payment of interest from the date of entry of the second judgment; and on appeal the latter order was reversed and the later judgment modified to provide for interest from the date of the original judgment.

The city has had the use of the money awarded Meyers from the time it was payable under the award made and filed April 28, 1965, to affirmance

of that award effected by the decision of the appeals board made and filed May 7, 1968. The purpose of the statute would not be served by an interpretation of its provisions and the circumstances in this case approving the gain to the employer and the loss to the employee which the order under review would effect. The interpretation to the contrary, heretofore outlined, is reasonable and should govern the case.

The order is annulled and the appeals board is directed to proceed in harmony with the views expressed in this opinion.

Brown (Gerald), P. J., and Whelan, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied February 11, 1970. Burke, J., was of the opinion that the petition should be granted.