[Civ. No. 29445. First Dist., Div. Two. Sept. 20, 1971.]

FREDERICK N. MYERS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
MARINE TERMINALS CORPORATION et al., Respondents.

## COUNSEL

Garry, Dreyfus, McTernan & Brotsky, Francis J. McTernan and David E. Pesonen for Petitioner.

Rupert A. Pedrin, Marcel L. Gunther and Warren Hanna for Respondents.

## OPINION

**TAYLOR, J.**—Petitioner seeks review and annulment of a decision after remittitur issued by the WCAB. He contends that because the award of $5,145 for permanent disability originally made on October 9, 1968, was not disturbed, he is entitled to interest on that amount from October 9, 1968, rather than from January 27, 1971, the date of the board's decision after remittitur.

The facts disclose that petitioner was injured in the course and scope of his employment on April 14, 1964. In a civil action against a third party tortfeasor, he received a judgment in the sum of $30,000, resulting in a

net recovery to him of $17,288.57. The jury found concurrent negligence on the part of the employer. On March 14, 1968, petitioner filed an application with the board for a determination of his permanent disability. On October 9, 1968, the referee found that the injury had resulted in 24½ percent permanent disability, and granted a total award of $5,145 indemnity. The referee also allowed a credit to the employer and its carrier of $17,288.57, the net amount of the recovery in the civil action against the third party tortfeasor. On April 25, 1969, the board, after reconsideration, affirmed and adopted the referee's finding and award. Because the amount of the credit was larger than the amount of the award of permanent disability, no payment was made by the carrier to petitioner.

Petitioner sought a writ of review on the ground that the allowance of the credit was not proper. Writs of review thereafter issued on four consolidated cases, one of which was petitioner's, and subsequently the court in *Nelsen* v. *Workmen's Comp. App. Bd.* (Sept. 22, 1970) 11 Cal.App.3d 472 [89 Cal.Rptr. 638], decided that the board cannot allow a credit "where the employer's negligence has been previously determined in the employee's third party action" (p. 479) and remanded each cause, including petitioner's, to the board for "further proceedings consistent with the views expressed herein" (p. 480). On January 27, 1971, the board "vacated, annulled, and set aside" the findings and award issued on October 9, 1968, and "substituted in lieu thereof" a decision after remittitur in which an award was made in favor of petitioner and against the carrier for permanent disability in the total sum of $5,145 (less $1,000 attorney's fees), costs and "Interest as provided by law from the date hereof." On February 9, 1971, the carrier remitted to petitioner a check in the sum of $4,145.

Petitioner contends that he is entitled to interest at the legal rate from October 9, 1968 to January 27, 1971, the date of the decision after remittitur, in the sum of $827. The board contends that the decision allowing credit to the insurance carrier was presumptively correct until set aside by the court in *Nelsen, supra,* when the new concept of no credit where the employer is concurrently at fault was fashioned by the courts, and that no amount was *due and unpaid* until after the board's decision following remittitur.[1]

---

[1]Labor Code section 5800 provides that "All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award. *Such interest shall run from the date of making and filing of an award, as to amounts which by the terms of the award are payable forthwith.* As to amounts which under the terms of the award subsequently become due in installments or otherwise, such interest shall run from the date when each such amount becomes due and payable." (Italics added.)

In *Myers* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 621, 629 [83 Cal.Rptr. 427], the court clearly states the issue: "The question remains whether the decision of the appeals board was a rescission of the original award, rather than an affirmance, and the substitution of a new award bearing interest from the date of its filing as prescribed by Labor Code section 5800."

The last sentence of *Nelsen, supra,* at page 480, reads as follows: "In each of the four proceedings here for review, *to the extent respondent board's decision after reconsideration allows the employer or its workmen's compensation insurance carrier a credit under either section 3858 or section 3861 of the Labor Code,* said decision is annulled and each cause is remanded to the board for further proceedings consistent with the views expressed herein." (Italics added.)

We construe the court's direction not as a command to annul the entire award but the credit allowance only. Looking to the substance rather than the form of the board's decision after remittitur (*Myers, supra,* p. 629), it is clear that the board did not substitute a new award of permanent disability in the sum of $5,145; rather, it let the amount of permanent disability originally awarded stand and modified the award in certain other respects, including the disallowance of the credit. The board's decision after remittitur was, in effect, an affirmance in part and a modification in part.

■ It is the policy of the law that a judgment, which is ultimately sustained, should bear interest from the date of its rendition even though it may have been subjected to direct attack (*Snapp* v. *State Farm Fire & Cas. Co.* (1964) 60 Cal.2d 816, 818 [36 Cal.Rptr. 612, 388 P.2d 884]; *Myers, supra,* p. 629). Were the policy otherwise, the insurer here would have the unjustified use of the money awarded to Myers, interest free, from the time of the award to the time of the board's decision after remittitur. ■ We conclude that petitioner is entitled to interest at the legal rate on the sum of $5,145, the amount of the original award for permanent disability, from October 9, 1968, the date of rendition of the original award, to January 27, 1971, the date of the decision after remittitur, and we direct that the appeal board's decision after remittitur be modified accordingly.

Shoemaker, P. J., and Kane, J., concurred.