[Civ. No. 59970. Second Dist., Div. Four. Jan. 27, 1981.]

REPUBLIC INDEMNITY COMPANY OF AMERICA,
Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
SENTRY INSURANCE COMPANY et al., Respondents.

COUNSEL

Schummer & Barton, Michael Goldberg and Ross M. Barton for Petitioner.

Zonni, Ginocchio & Taylor and Bruce Barton for Respondents.

OPINION

KINGSLEY, J.—Petitioner Republic Indemnity Company of America (Republic) seeks review of a decision by respondent Workers' Compensation Appeals Board (Board) ruling that Republic's petition for

contribution pursuant to Labor Code[1] section 5500.5, subdivision (e) was barred by the statute of limitations. We uphold the Board's decision.

I

As amended effective January 1, 1974, and as applies to the matter herein, section 5500.5 subdivision (e) "permits an employee claiming liability for occupational disease or cumulative injury to proceed only against the employers who employed him during a period of five years immediately preceding either the date of injury or the last date on which the employee was employed in an occupation exposing him to the hazards of such occupational disease or cumulative injury, whichever occurs first. Liability in such cases is limited to such employers and is not apportioned to prior years. [¶] The limitation of liability provided for in subdivision (a) is inapplicable where, as provided in subdivision (d) of section 5500.5 [fn. 3 omitted], the employment exposing the employee to the hazards of the claimed occupational disease or cumulative injury was for more than five years with the same employer or its predecessors in interest. In such circumstances liability is *extended* to all insurers who insured the worker's compensation liability of such employer during the entire period of the employee's exposure with such employer or its predecessor in interest. Accordingly, in this situation the liability for such injury or occupational disease is apportioned among the employers liable under the provisions of subdivision (a) and those liable for the prior years as provided in subdivision (d)." (Italics added.) *Tidewater Oil Co.* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 952-953 [137 Cal.Rptr. 36].)[2]

An injured worker (claimant) in cumulative injury and occupational disease claims may elect to proceed against one or more employers or carriers (section 5500.5, subd. (c); *Schrimpf* v. *Consolidated Film In-*

---

[1]Hereinafter, unless specified to the contrary, all references will be to the Labor Code.

[2]In 1977, section 5500.5 was amended so as to annually reduce the five-year period so that commencing in 1981 and thereafter the liability period of section 5500.5 for cumulative trauma and occupational disease claims will only be one year. The 1977 amendments also eliminated the one employer rule of subdivision (d). (Stats. 1977, ch. 360, § 1, p. 1334; *Flesher* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 322, 327 [152 Cal.Rptr. 459, 590 P.2d 35]; *City of Los Angeles* v. *Workers' Comp. Appeals Bd.* (*Calvert*) (1978) 88 Cal.App.3d 19, 26 [151 Cal.Rptr. 679].) The 1977 amendments do not apply herein. (*Rountree* v. *Time D.C.* (WCAB en banc opn., 1979) 44 Cal.Comp.Cases 223.)

*dustries, Inc.* (WCAB en banc opn., 1977) 42 Cal.Comp.Cases 602.) The claimant then proceeds to prove his claim against the elected party or parties. Any award of benefits issued is payable by the elected party or parties, who then have the right of contribution against the remaining employers and carriers. Section 5500.5, subdivision (e) provides "At anytime *within one year after the appeals board has made an award* for compensation benefits in connection with an occupational disease or cumulative injury, any employer held liable under such an award may institute proceedings before the appeals board for the purpose of determining the apportionment of liability or right of contributions. . . ." (Italics added.)

■ The issue presented herein is the computation of the one-year limitations period within which the elected party may petition for contribution. Here, the Board has held that Republic's petition for contribution was not timely filed.

## II

The injured worker herein, David W. Johnson, was employed by Scolari's (Scolari) from 1962 until July 1968 and then again from August 6, 1973, through June 1, 1976. During the period July 1, 1968 to August 5, 1973, Johnson was in the United States Air Force. Johnson filed a workers' compensation claim in June 1976 alleging cumulative injury to his feet as the result of his employment at Scolari. Republic insured Scolari for Johnson's employment period commencing August 6, 1973, and through October 1, 1975. Respondent Leatherby Insurance Company (Leatherby) insured Scolari for the employment period October 2, 1975, through June 1, 1976. Respondent Sentry Insurance Company (Sentry) insured Scolari during the employment from 1962 through July 1, 1968.

Johnson elected to proceed against Republic and Leatherby. The workers' compensation judge issued his decision on December 19, 1977, wherein it was found that Johnson did sustain industrial injury to his feet as the result of employment at Scolari. The trial judge's decision on December 19, 1977, awarded temporary disability, reimbursement for self-procured medical treatment, further medical treatment, medical-legal expenses, and permanent disability. The judge made the award joint as against Republic and Leatherby. The judge apportioned liability between Republic and Leatherby "on a pro-rata employment and

coverage basis" but with Republic ordered to "administer the full award...with right of contribution from Leatherby."

Republic then timely petitioned the Board for reconsideration of the trial judge's decision. (§§ 5900-5911.) Republic sought review on the questions of injury arising out of and occurring in the course of employment and apportionment of additional permanent disability as unrelated to the industrial injury.

The Board denied reconsideration per its opinion and order denying reconsideration, dated March 3, 1978.[3] In denying reconsideration, the Board in no way altered the judge's award. Republic then petitioned this court for a writ of review, which was denied on August 2, 1978. (*Scolari's, et al.,* v. *WCAB (Johnson)* 2 Civ. 53311 [43 Cal.Comp.Cases 818].) While not modifying the judge's original decision, this court did award attorneys fees to Johnson against Republic pursuant to section 5801 as there was no reasonable basis for the petition for writ of review.

On January 18, 1979, Republic filed with the Board a petition for contribution against Leatherby and Sentry.[4] Leatherby agreed to a pro rata indemnity based upon insurance coverage during Johnson's employment for Scolari except with respect to Republic's expenses with regard to the petition for writ of review. A "Findings of Apportionment of Liability and Order of Contribution" against Sentry and Leatherby originally issued on May 14, 1979. Upon Sentry's petition for reconsideration, however, the Board annulled the May 14, 1979, contribution order on the basis that Sentry had been denied due process; the Board returned the contribution question to the trial level.

After further proceedings the trial judge on April 3, 1980, issued a new order of contribution against Sentry and Leatherby.[5] Sentry then again sought reconsideration on the grounds (1) Republic's petition for

---

[3]A petition for reconsideration is deemed to have been denied by the Board unless it is acted upon within 30 days from the date of filing. (§ 5909.) The Board, however, exercised its power to extend the time within which to act on Republic's petition for a period not exceeding 30 days. (§ 5909.)

[4]While bearing the date January 17, 1979, the petition for contribution was not received for filing by the Board until January 18, 1979.

[5]The judge held Republic was entitled to contribution from Sentry 69.9 percent of the liability under the December 19, 1977, award and from Leatherby 4.85 percent. The judge held, however, Republic was not entitled to contribution for the attorneys fees awarded pursuant to section 5801 to Johnson in connection with Republic's petition for writ of review from the Board's denial of reconsideration of the December 19, 1977, award.

contribution was barred as it was filed more than one year from the judge's issuance of the original award of December 19, 1977, and (2) Johnson's United States Air Force service within the last five years of employment barred the application of the "one employer rule" of section 5500.5, subdivision (d) and hence Sentry was not liable as its coverage for Scolari was more than five years from the last date of injurious employment.

The Board did not reach the second issue. It found Republic's petition for contribution against Sentry was untimely filed, reasoning in its opinion and order granting reconsideration and decision after reconsideration: "The one year period relevant to subsection (e) runs from the original Findings and Award of [December 19] 1977, wherein defendant Republic was held jointly and severally liable, and not from any subsequent Board decision. (See *Volk and Reliance Insurance Company* v. *WCAB* (*Osborne*) (Writ Denied) (1975) 40 CCC 152.) To interpret Labor Code section 5500.5 (e) otherwise may lead to an employer or carrier seeking a supplemental award solely for the purpose of reviving its right to seek contribution."

Republic now petitions for writ of review. ▮ Republic here asserts that the one-year period to seek contribution ran not from the judge's original award issued on December 19, 1977, but only after the Board's denial of reconsideration thereof on March 3, 1978, or the denial of the petition for writ of review on August 2, 1978.

### III

Section 5500.5, subdivision (e) specifies that the petition for contribution must be filed "within one year after the appeals board has made an award for compensation benefits."

The one-year period clearly does not run from the denial of the petition for writ of review on August 2, 1978. The appellate courts are not the "appeals board." Further, "The filing of a petition for, or the pendency of, a writ of review shall not of itself stay or suspend the operation of any order, rule, decision or award of the appeals board" (§ 5956) and the court here did not exercise its authority to so stay or suspend the award of December 19, 1977. (*Ibid.*)

The pertinent inquiry is, then, when the "appeals board" issued its decision.

Originally, referees[6] of the Industrial Accident Commission (the predecessor to the Board) could only make recommendations to the Industrial Accident Commission (hereinafter Commission); final decisions were made by the Commission acting in panels of three. The commissioners could adopt, modify or reject the recommendations of the referees.

In 1951, the Legislature enacted section 115[7] which provided: "Every finding, order, decision or award made and filed by any...referee...is the finding, order, decision or award of the commission unless reconsideration is had in accordance with the provisions of Article I, Chapter 7, Part 4, Division 4 of this code."[8] In 1965, the Legislature made a major revision of the provisions of the code relating to the Board and its referees. Among the changes so made was a repeal of section 115. Thereafter the Board, acting under section 5307 of the code, adopted section 10345 of its Rules of Procedure[9] to provide that "Orders, findings, decisions and awards issued by a referee shall be the orders, findings and awards of the Appeals Board unless reconsideration is granted."[10]

We are cited to no judicial decisions, and we have found none, directly considering the effect of section 115 or its present substitute on the issue here before us. The closest case is *Myers v. Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 621 [83 Cal.Rptr. 427]. However, that case is not directly in point. In *Myers* the court had before it the provision of section 5800 of the code, making interest on an award run from "the date of making and filing of an award." The court held that, under that provision, interest had run from the date of the referee's award and not from the later action of the Board which (in effect) adopted the award so made. That decision was based, in large part, on policy grounds, namely that an employer ought not, by filing for reconsideration, be able to retain, interest free, money found properly due to the

---

[6]"Workers' compensation judges" are "referees" under the Labor Code. The title "workers' compensation judge" has been adopted by the Board under WCAB Rules of Practice and Procedure (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2) section 10302, relying on its power under section 5307 to "[a]dopt reasonable and proper rules of practice and procedure." Hereinafter, we use the terms interchangeably.

[7]California Statutes 1951, chapter 778, page 2266.

[8]I.e., sections 5900 et seq. of the code.

[9]California Administrative Code, title 8, chapter 4.5, subsection 2.

[10]The result is that the law now applicable is the same as before the repeal of section 115, the semantic substitution of the words "shall be" for the word "is" in the statute being no more than editorial change to improve the phrasing of the provision.

injured employee. Clearly, that policy consideration is not applicable here.

However, *Myers* does afford us a mode of approach to our present problem. As in the case before us, the employer or carrier from whom contribution is sought, will not have been a party to the employee's case before the referee and the Board. While, probably, in most cases, the Board will have acted finally on a petition for reconsideration within one year, that will not always be the case. As a result, the potential contributor may not have been aware of its possible involvement in the matter until over a year from the award of the referee—during which time evidence once available to it to defeat a claim of contribution may have been lost. In a comparable situation, involving the statutory right of an employer to intervene in an employee's action against a third party, the Supreme Court, in *County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363], held that the employer, faced with a one-year statute of limitations, should intervene in the employee's action, still pending, with determination of its right to a share of any final judgment to await the finality of the employee's action. Similarly, in ordinary tort actions, a defendant who claims a right of indemnity if held liable to a plaintiff, can cross-complain, in the original action, seeking a conditional indemnity. Thus, in this case, Republic could have filed with the Board, within one year after the referee's award, its present petition. Had the referee's award been overturned on reconsideration, that petition would have become moot; if, as here, reconsideration was denied, Republic would have been before the Board, with adequate notice to Sentry, for determination of its right to contribution.

The decision of the Board, herein attacked, is affirmed.

Files, P. J., and McClosky, J., concurred.