[Civ. No. 6532. Second Appellate District, Division One.—May 3, 1929.]

L. J. SECKELS, Petitioner, v. DEPARTMENT OF INDUSTRIAL RELATIONS and BOONE KIRK, Respondents.

J. L. Kearney for Petitioner.

G. C. Faulkner and W. F. Beem for Respondents.

CONREY, P. J.—Petitioner Seckels was the employer of respondent Kirk, who sustained an injury arising out of and in the course of his employment. Kirk instituted a proceeding before the Industrial Accident Commission against Seckels and his insurance carrier. In that proceeding an award was made against the insurance carrier, and an additional award based upon serious and wilful misconduct of the employer was made against said employer. Thereafter the employer applied to the commission for a rehearing, which was granted. After the taking of some additional evidence, the original award was affirmed.

Petitioner now asks for a writ of review, and in his petition claims that the commission, in rendering said decision and making said award, acted without and in excess of its jurisdiction; that there is no evidence that Kirk's injury was proximately caused by the serious and ·wilful misconduct of his employer; that the commission in making said award acted without and in excess of its jurisdiction, in that the commission refused to hear the testimony of witnesses of the defendant employer, and of the defendant himself, who would have testified to material facts pertinent to the issues; and that said arbitrary refusal by the commission to hear said testimony constituted a denial of petitioner's right to due process of law in the proceeding against him.

"The provisions of the Code of Civil Procedure of this state relating to writs of review shall, so far as applicable and not in conflict with this act, apply to proceedings under this section." (Workmen's Compensation Act of 1917, p. 876, sec. 67d.) The petition for a writ of review must be verified. (Code Civ. Proc., sec. 1069.) The answer of an officer of the state to a complaint or petition need not be verified. (Code Civ. Proc., sec. 1109, and sec. 446.) An application for a writ of review, in a proceeding for review of an order of the Industrial Accident Commission, should conform to the requirements of rule XXVI, section 4, of the rules of the supreme court and district courts of appeal. It is there provided that "such application, if based upon a want of evidence sufficient to warrant the conclusion of the Commission, must fairly state all of·the material evidence relative to the point as to which such want of evidence is claimed to exist." The answer of the commission "shall be limited to a brief statement of the grounds of the order or award, and to the supplying of any evidence, omitted or misstated in the application." In making an application to the commission for a rehearing in respect to any matter covered by its order, the application shall set forth specifically "every issue to be considered by the Commission." The applicant is deemed to have finally waived "all objections, irregularities and illegalities concerning the matter upon which the rehearing is sought other than those set forth in the application for such rehearing." (Workmen's Compensation Act of 1917, p. 873, sec. 64c.)

The petitioner in this case claims that there is no evidence that Kirk's injury "was proximately caused by the serious and wilful misconduct" of his employer. The petition does not "fairly state all of the material evidence" relative to this issue. This is the more manifest when we read the brief filed with the petition, which refers to several items of evidence (not mentioned in the petition) relating to the conditions under which the employee's work was being done. Counsel says that Kirk was not ordered or instructed to go out to the place of danger where the accident occurred. But the answer filed by the commission shows that there was evidence to the effect that the employer's superintendent saw the employee get outside of the wall from which he fell and made no protest and gave no orders, nor had the superintendent made any protest or given any order on several previous occasions when the same thing was done in his presence; that on the contrary, on this particular occasion, when the employee went outside the wall to hammer a cement form into place, the superintendent said: "Let's get it in"; also that there was no life-line or belt furnished; that the superintendent was familiar with the orders of the commission, one of which (order 1143.) requires the use of lifelines and safety belts "whenever it becomes necessary for workmen to crawl out on thrust-outs and such other places where no other protection is afforded them."

The petition herein, in its statement of facts, is not sufficient to support the claim of petitioner that, on the rehearing before the commission, the commission arbitrarily refused to hear the testimony of witnesses on the part of the defendant "who would have testified as to material facts pertinent under the pleadings in this case." As the petition does not show what matters were included in his application for a rehearing before the commission, or what facts he sought to prove by said rejected witnesses at the time of rehearing, we have in the petition no foundation for even a *prima facie* assumption that the offered testimony was pertinent to any issues upon which, at such rehearing, it was the duty of the commission to receive evidence.

The petition for a writ of review is denied.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1929, and petitioner's application to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1929.

All the Justices concurred.