Filed 10/1/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NEW YORK KNICKERBOCKERS, | No. B262759 |
| Petitioner, | (W.C.A.B. No. ADJ7993918) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and DURAND MACKLIN et al., | |
| Respondents. | |

ORIGINAL PROCEEDING:  Petition for Writ of Review.  Affirmed.

Murphy & Beane, Michael J. McKernan for Petitioners.

Law Offices of Ron Mix, Ronald J. Mix for Respondent Durand Macklin.

No appearance for Respondents Los Angeles Clippers, Atlanta Hawks, and Insurance Company of America

# INTRODUCTION

Petitioner New York Knickerbockers (petitioner), a professional basketball team in the National Basketball Association (NBA), filed an unverified petition for a writ of review against the Workers' Compensation Appeals Board (Appeals Board); Los Angeles Clippers; Atlanta Hawks; Insurance Company of North America, adjusted by ESIS; and Durand Macklin (Macklin), challenging what it refers to as the Appeals Board's jurisdiction[1] over a claim for accumulated injuries by Macklin, a former professional basketball player in the NBA from 1981 into 1984, for cumulative injuries. Relying on this court's decision in *Federal Ins. Co. v. Workers' Comp. Appeals Bd.* (2013) 221 Cal.App.4th 1116 (*Johnson*), petitioner contends that in view of Macklin's contact with California, application of California workers' compensation law in this case would not be reasonable and thus would be a denial of due process.

We hold that Labor Code section 5954[2] and Code of Civil Procedure section 1069[3] require verification of a petition to review a decision of the Appeals Board. After oral argument, we granted petitioner's request to file a verified petition. Thus, reaching the

---

[1] The parties use the term "jurisdiction" or "subject matter jurisdiction" in connection with the issue of whether the application of the California workers' compensation law would be unreasonable so as to be a denial of due process. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) "The term 'jurisdiction' over the action is also used in a variety of less fundamental circumstances, requiring care in reliance on cases using the term." (1 Schwing, Cal. Affirmative Defenses (2d ed. 2015) § 7:1, p. 479 (Schwing); *Abelleira v. District Court of Appeal, supra,* 17 Cal.2d at pp. 288-289.)

[2] "The provisions of the Code of Civil Procedure relating to writs of review shall, so far as applicable, apply to proceedings in the courts under the provisions of this article." (Lab. Code, § 5954.)

[3] "The application [for a writ of review] must be made on the verified petition of the party beneficially interested." (Code Civ. Proc., § 1069.)

merits, we hold that California has a legitimate interest in an industrial injury when the applicant was employed by a California corporation and participated in other games and practices in California for non-California NBA teams, during the period of exposure causing cumulative injury. Subjecting petitioner to California workers' compensation law is reasonable and not a denial of due process. The decision of the Appeals Board is therefore affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Macklin claimed a cumulative trauma injury arising out of and occurring during the course of his employment as a professional basketball player while employed by multiple NBA teams. For the cumulative injury period of his workers' compensation claim, Macklin was employed as follows: August 17, 1981, through June 29, 1983, by the Atlanta Hawks (insured for workers' compensation by Insurance Company of North America); June 29, 1983, through December 20, 1983, by petitioner (permissibly self-insured and adjusted by Murphy and Beane, TPA; late 1983 through mid to late 1984 by the Albany Patroons—a minor league basketball team; and September 29, 1984, through October 24, 1984, by the Los Angeles Clippers (workers' compensation insurer was Insurance Company of North America, the adjusting agency of which was ESIS). The cumulative trauma period runs from August 17, 1981 through November 15, 1985.

During his time as a member of the Atlanta Hawks team, Macklin played three games in California against California teams—the Los Angeles Lakers, the Golden State Warriors, and the then-San Diego Clippers. When his team travelled out of state, it would arrive in the state in which the game was being played the day before the game and practice on the day of the game.

While employed by petitioner, Macklin practiced in the morning and played in a game in California against the Golden State Warriors on November 5, 1983; he travelled to California with his team for a game against the then-San Diego Clippers on December

3

9, 1983, and against the Los Angeles Lakers on December 11, 1983. He did not play in those games against the Clippers and the Lakers, but he participated in practices and warm-ups before those games.

In June of 1984, Macklin signed a contract with the Los Angeles Clippers Macklin attended the Clippers training camp in California, and played in pre-season games in October 1984. Macklin was released by the Clippers on October 24, 1984.

Macklin testified that he was never advised about his right to file for workers' compensation benefits while he was playing. He first learned about his workers' compensation rights in approximately June 2011 from an NBA player and filed his claim two months thereafter. While with Atlanta, Macklin received treatment for his back and other body parts. With petitioner, he engaged in intense workouts and felt stress and strains all over his body. He had other physical maladies such as dehydration and low back pain.

### B. Rulings of Workers' Compensation Judge (WCJ) and Appeals Board

The WCJ concluded there was subject matter jurisdiction over Macklin's cumulative trauma claim because at least a portion of Macklin's cumulative trauma injury occurred within the state of California. The WCJ also said it had personal jurisdiction over the three NBA defendants (Atlanta Hawks, petitioner, and Los Angeles Clippers). Each of the NBA defendants engaged in basketball business activities within California.

The WCJ found that Macklin had sustained various injuries to his lower back and elsewhere as a result of his employment as a basketball player. The WCJ concluded that the August 24, 2011, claim was not barred by the applicable statute of limitations because Macklin first learned in June 2011 that his physical injuries were related to his employment as a professional basketball player and that he had potential or actual rights to workers' compensation. The WCJ also determined that the doctrine of laches did not bar the claim because the date of injury was delayed by the NBA defendants' failure to advise or give notice to Macklin of his potential or actual rights to workers' compensation.

4

Macklin was found to be 76 percent permanently disabled with no apportionment of the cause of the injury with other, nonindustrial reasons. Petitioner sought reconsideration on the ground, inter alia, there was no subject matter jurisdiction because "there [was] an insufficient relationship between California [and] the injuries suffered and lack of a 'legitimate interest' in the matter to determine that California workers' compensation law should apply as it pertains" to petitioner. The WCJ recommended that reconsideration be denied.

The Appeals Board affirmed the WCJ's award. The Appeals Board concluded that "the effect of applicant's work in this state while employed by his California employer, [the] Los Angeles [Clippers], along with the effect of his work within the state while employed by his other employers, establishes more than a de minimis connection between the injury and this state." According to the Appeals Board, there was no denial of due process in exerting subject matter jurisdiction over petitioner because California had a legitimate interest in allocating liability among Macklin's employers during the period of injury exposure.

### C. Petition for Writ of Review

Petitioner filed a timely, but unverified, petition for writ of review asserting a lack of subject matter jurisdiction. In the petition, petitioner contended that Macklin had no connection with California, and there is no indication of an injury in California. Petitioner further argued that Macklin's one game in California as a New York Knick, in which he suffered no injury, was de minimis and therefore could not create a legitimate interest for California in his injuries.

Macklin objected to consideration of the petition because it was not verified. Macklin also objected to petitioner's so-called forum selection of the Second District. In reply, petitioner argued that verification is not required by rule 8.495 of the California Rules of Court, which governs petitions for writs of review in workers' compensation cases, and that the venue was proper.

We granted the petition for a writ of review. After oral argument, we permitted petitioner to file a verification of its petition, which petitioner then filed.

## DISCUSSION

### A.    Petition For A Writ of Review Must Be Verified

Petitioner contended that it did not have to file a verified petition. Writs of review are governed generally by Code of Civil Procedure sections 1067 through 1077. As noted, the Labor Code provides that "the provisions of the Code of Civil Procedure relating to writs of review shall, so far as applicable, apply to proceedings in the courts under the provisions of this article." (Lab. Code, § 5954.) Article 2 of chapter 7, part 4 of the Labor Code, consisting of Labor Code sections 5950 to 5956, deals with judicial review of the decisions of the Appeals Board. Judicial review of decisions of the Appeals Board is authorized by Labor Code section 5950.[4] The scope of that judicial review is set forth in Labor Code section 5952.[5] Thus, while aspects of the judicial review of the decisions of the Appeals Board are governed specifically by the Labor Code, the general

---

[4]    "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration." (Lab. Code, § 5950.)

[5]    Labor Code Section 5952, states as follows: "The review by the court shall not be extended further than to determine, based upon the entire record which shall be certified by the appeals board, whether: (a) The appeals board acted without or in excess of its powers. (b) The order, decision, or award was procured by fraud. (c) The order, decision, or award was unreasonable. (d) The order, decision, or award was not supported by substantial evidence. (e) If findings of fact are made, such findings of fact support the order, decision, or award under review. Nothing in this section shall permit the court to hold a trial de novo, to take evidence, or to exercise its independent judgment on the evidence.

provisions of the Code of Civil Procedure governing writs of review also apply to judicial review of Appeals Board's decisions. (See Lab. Code, § 5954.) Code of Civil Procedure section 1069 is one such provision. It provides as follows: "The application [for a writ of review] must be made on the verified petition of the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice." (See 8 Witkin, Cal. Procedure (5th ed. 2008) Extraordinary Writs, § 172, p. 1079 ["*In General.* The petitioner (or plaintiff) makes an 'application' by a 'verified petition.' (C.C.P. 1069, 1086, 1103(a))"].)

That Code of Civil Procedure section 1069 governs petitions for writs seeking review of decisions of the Appeals Board is consistent with the purpose of a verification. A "verification" is an affidavit verifying the truth of the matters covered by it. (Code Civ. Proc., § 2009; *Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204 (*Star Motors*).) The purpose of a verification "'is to assure good faith in the averments or statements of a party' to litigation." (*Star Motors, supra,* 88 Cal.App.3d at p. 204, citations omitted.) Verifying a petition for a writ of review, which almost invariably contains factual averments, certifies the facts upon which the application is based and assures that the averments are made in good faith.

In *Seckels v. Department of Industrial Relations* (1929) 98 Cal.App. 647, 648, the court recognized in dictum that Code of Civil Procedure section 1069's verification requirement applied to a petition for writ of review addressing a decision of the Appeals Board, then the Industrial Accident Commission,[6] through the predecessor of Labor Code section 5954. Treatises continue to state that a petition for writ of review requires verification, even though published decisions apparently have not addressed the matter. (California Workers' Compensation Practice (CEB 2014), Judicial Review, § 22.43(3), pp. 22-39; 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d

---

[6] The Industrial Accident Commission is the predecessor to the Appeals Board. (*Republic Indemnity Co. v. Workers' Comp. Appeals Bd.* (1981) 115 Cal.App.3d 361, 367.)

7

ed. 2013) § 34.11[2][c], p. 34-14; 2-20; Rassp & Herlick, California Workers' Compensation Law (7th ed. 2012) § 20.07[3].)

It is true, the rule of the California Rules of Court specifically governing petitions for writs of review addressing decisions of the Appeals Board does not require verification. (Cal. Rules of Court, rule 8.495.) Other California rules of court, such as rule 8.496(a)(1), which governs petitions to review decisions of the Public Utilities Commission, explicitly require verification. Code of Civil Procedure section 1069 specifically requires verification, and this provision is made applicable to petitions to review decisions of the Appeals Board by Labor Code section 5954. The California Constitution requires the Judicial Council to adopt rules for court administration, and practice and procedure, not "inconsistent with statute." (Cal. Const., art. VI, § 6, subd. (d).) Here, to the extent rule 8.495 does not require verification for petitions for writs of review addressing Appeals Board decisions, that rule would be inconsistent with Code of Civil Procedure section 1069 and Labor Code section 5954 and therefore not controlling.

As noted, the authorities provide that verification is required, there is no authority to the contrary, and there is dictum in at least one decision that supports the conclusion that verification is required. We conclude that petitions for writs of review addressing decisions of the Appeals Board must be verified. Because courts generally permit a party to cure such defects as the failure to file a required verification (1 Schwing, *supra,* § 11:1, p. 600; § 11:28, p. 633), following oral argument, we granted petitioner's request to file a verified petition.

### B.      Choice of Forum

Petitioner contends that the choice of forum was inappropriate because it was filed in the Second District of the California Court of Appeal, which rendered the *Johnson, supra,* 221 Cal.App.4th 1116 decision and thus would be a favorable forum for the Appeals Board. The answer asserts that the underlying case was determined in the Santa Ana division of the Appeals Board, which would result in review by the Fourth District of the California Court of Appeal. Relying on the location of the third party

8

administrator (Culver City), however, petitioner filed in the Second District.  Although Labor Code section 5950 requires a petitioner to file in the district of the petitioner's residence, when that is not possible, as in this case, the district of the petitioning carrier's residence is an acceptable venue.  (*Argonaut Ins. Co. v. Workmen's Comp. App. Bd.* (1967) 247 Cal.App.2d 669, 671-672.)  In any event, filing in the wrong district is not a jurisdictional defect.  (*National Kinney v. Workers' Comp. Appeals Bd.* (1980) 113 Cal.App.3d 203, 208-209.)

### C.   Standard of Review

The Appeals Board's findings of fact, even ultimate facts, are conclusive and not subject to review (Lab. Code, § 5953) if supported by substantial evidence.  (Lab Code, § 5952, subd. (d); *Department of Rehabilitation v. Workers' Comp. Appeals Bd.* (2003) 30 Cal.4th 1281, 1290; *County of Kern v. Workers' Comp. Appeals Bd.* (2011) 200 Cal.App.4th 509, 516-517.)  We may not hold a trial de novo, take evidence or exercise independent judgment.  (Lab. Code, § 5952.)  The Appeals Board's interpretation of the Workers' Compensation Act is reviewed de novo, but such interpretation by the Appeals Board is entitled to deference.  (See *Brodie v. Workers' Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1331; *Department of Rehabilitation v. Workers' Comp. Appeals Bd., supra,* 30 Cal.4th at p. 1290.)

### D.   California Has a Legitimate Interest Over Macklin's injuries

Purportedly based upon our decision in *Johnson*, *supra,* 221 Cal.App.4th 1116, petitioner contends that there is no jurisdiction for purposes of California worker's compensation law over petitioner, as the employment relationship between Macklin and petitioner is de minimis.  The issue is whether California has a sufficient relationship with Macklin's injuries to make the application of California workers' compensation law reasonable, which is a matter of due process.  (*Id.* at p. 1130.)

*Johnson, supra,* 221 Cal.App.4th 1116, 1120, involved a professional basketball player, Adrienne Johnson (Johnson), who played for the Connecticut Sun, a professional

9

women's basketball team. Although she played in only a single game in California, Johnson filed a workers' compensation claim in California against the Connecticut Sun for industrial cumulative injuries. (*Id*. at p. 1121.) Johnson never resided in California and none of the teams for which she played was based in California. In short, the sole contact Johnson had with California was the one game she played in California. (*Id*. at pp. 1120-1121.)

This court held in *Johnson, supra,* 221 Cal.App.4th at page 1130, that "California [did] not have a sufficient relationship with Johnson's injuries to make the application of California's workers' compensation law reasonable." "A single basketball game played by a professional player does not create a legitimate interest in injuries that cannot be traced factually to one game. The effect of the California game on the injury [was] at best de minimis." (*Ibid*, fns. omitted.)

Petitioner contends that because Macklin played only one game and participated in three practice sessions for them in California, Macklin's employment by petitioner is de minimis, just as in *Johnson, supra,* 221 Cal.App.4th at page 1130. But, the question is whether Macklin's injuries have a sufficient relationship with California for the invocation of California's workers' compensation law. Whether those injuries have a sufficient relationship with California is dependent on a number of factors that we set forth in *Johnson*.[7] A dispositive factor here is that, unlike in *Johnson* (see 221

_____

[7]    "Section 181 of the Restatement Second of the Conflict of Laws (section 181) specifically addresses when a state may award relief to a person under its workers' compensation law. Section 181 provides that a state may do so if the injury occurred in that state; if the employment is principally located in the state; if the employer supervised the employee's activities from a place of business in the state; if the state is that of the most significant relationship to the contract of employment with respect of the issue of workers' compensation under the rules of sections 187, 188, and 196 of the Restatement Second of the Conflicts of Law; if the parties have agreed in the contract of employment or otherwise that their rights should be determined under the workers' compensation act of the state; or if the state has some other reasonable relationship to the occurrence, the parties, and the employment. (See also [13] Larson's [Workers' Compensation Law] (rev. ed. 2013) § 142.01, p. 142-02 (rel. 108-6/2012) [same formulation].)" (*Johnson, supra,* 221 Cal.App.4th at pp. 1126-1127, fn. omitted.)

Cal.App.4th at p. 1130), Macklin played for a California team for a portion of the period of the cumulative injury. That Macklin, while employed by petitioner and Atlanta, participated in seven games and additional practices—at least one lasting two and one-half hours in California—is a factor in determining whether the connection between his injury and California is sufficient to conclude that the application of California workers' compensation law here is reasonable. Because of the employment by a California-based team, we do not have to determine if the other activities in California are sufficient by themselves to make the application of California workers' compensation law reasonable, although those activities are more than the one game that *Johnson* concluded was de minimis.[8]

Petitioner contends that if the game Macklin played for petitioner was de minimis and would not result in jurisdiction, the fact that Macklin was later employed by a California team should not confer jurisdiction over the claim against petitioner. Employment by a California team during the period of the cumulative injury, so long as the requirements of Labor Code section 5500.5[9] are met, is sufficient in this case to make reasonable the application of the California workers' compensation law.

Under Labor Code section 5500.5, subdivision (a), liability is limited to employers who employed Macklin during one year immediately preceding either the date of the injury or during one year preceding the last date on which the employee was employed in the occupation that exposed him to the hazards of the cumulative injury, whichever first

---

[8]    Our opinion as to the applicability of the workers' compensation law only applies to claims filed by professional athletes prior to September 15, 2013. (Stats. 2013, ch. 653, § 1.) We express no opinion as to the effect on claims by professional athletes after that date.

[9]    Labor Code section 5500.5, subdivision (a) deals with cumulative injury arising out of more than one employment, and provides that "liability shall be imposed upon the last year of employment exposing the employee to the hazards of the occupational disease or cumulative injury for which an employer is insured for workers' compensation coverage . . . ."

11

occurred. As the Appeals Board correctly explained, petitioner's liability is predicated on the fact that petitioner was Macklin's employer during that one year period. The allocation of liability in cumulative injury cases under Labor Code section 5500.5, subdivision (a) is not the same as determining whether California can apply its workers' compensation law to Macklin's injuries. As he admittedly was petitioner's employee for part of the critical year, Labor Code section 5500.5, subdivision (a) applies.

## DISPOSITION

The award of the Appeals Board is affirmed. The case is remanded to the Appeals Board for the purpose of awarding respondent Macklin his reasonable attorney fees for services rendered in connection with the petition for writ of review. (Lab. Code, § 5801.)

**CERTIFIED FOR PUBLICATION**


MOSK, J.


We concur:


TURNER, P. J.


KRIEGLER, J.

12