Filed 8/18/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HILLEL CHODOS, | B260326 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC107421) |
| v. | |
| NAVABEH P. BORMAN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Barbara Ann Meiers, Judge.  Affirmed as modified.

The Law Offices of Philip Kaufler, Philip Kaufler for Plaintiff and Appellant Hillel Chodos.

The Law Offices of Ronald Richards & Associates, Ronald N. Richards and Nicholas A. Bravo for Defendant and Respondent Navabeh P. Borman.

## INTRODUCTION

Plaintiff and appellant, attorney Hillel Chodos[1] (attorney), appeals from the revised judgment entered by the trial court following this court's reversal with instructions to enter a new judgment in *Chodos v. Borman* (2014) 227 Cal.App.4th 76 (*Chodos I*). Originally, on September 19, 2013, the trial court entered a judgment for attorney for the value of legal services, which comprised the lodestar amount of $1.8 million found by the jury, plus a multiplier, resulting in a total amount awarded of $7.8 million with two stipulated adjustments. In finding the multiplier inappropriate, we ordered the trial court to enter a new judgment in the amount of the $1,717,921—the lodestar with the two stipulated adjustments.

Attorney contends that the trial court erred when it failed to include postjudgment interest in the final judgment, with interest to run on the $1,717,921 from September 19, 2013, the date of the original judgment. Defendant and respondent Navabeh Borman (client) argues that interest should only run from the date of entry of the judgment following remittitur, November 14, 2014. Additionally, attorney asserts that the trial court erred because its modified final judgment failed to provide for recovery of attorney's trial court costs of $12,983.99, and for interest on those costs from September 19, 2013.

We hold that interest ran on the $1,717,921 judgment from the date of the original judgment—September 19, 2013—and that attorney is entitled to the costs claimed and interest on those costs from that date. Accordingly, we modify and affirm the judgment to reflect our holding.

---

[1]    After this matter was fully briefed, Mr. Chodos passed away.

# FACTUAL BACKGROUND

Attorney represented client "in two divorce cases and a related *Marvin*[2] action without a statutorily required written hourly or contingency fee agreement, [and thereafter] sued his client [in a quantum meruit action] for the reasonable value of the services he rendered in the three cases." (*Chodos I, supra*, 227 Cal.App.4th at p. 82). The jury awarded attorney $7.8 million by special verdict, finding a reasonable hourly rate of $1,000 per hour, a reasonable number of hours expended on the two divorce cases and the *Marvin* action of 1,800, and a multiplier of five. On September 19, 2013, the trial court, in accordance with the jury's special verdict, entered a final judgment for attorney of $7,717,421,[3] reflecting two stipulated adjustments deducting the costs paid to attorney for his work on the three actions and adding attorney's out-of-pocket costs. On September 24, 2013, attorney filed a memorandum of costs setting forth his trial court costs, which client did not challenge.

Client appealed from the judgment in *Chodos I*, *supra,* 227 Cal.App.4th at page 82, contending, inter alia, that the trial court erred by instructing the jury that it could apply a multiplier to the lodestar amount.[4] We determined that, as a matter of law, the

---

**2** "In *Marvin v. Marvin* (1976) 18 Cal.3d 660, 670-671 [134 Cal.Rptr. 815, 557 P.2d 106] (*Marvin*), the California Supreme Court held that express or implied contracts between persons living together in a nonmarital relationship should be enforced, unless the contracts were explicitly founded on the consideration of meretricious sexual services." (*Chodos I, supra,* 227 Cal.App.4th at p. 82, fn. 1.)

**3** As pointed out in the opening brief, the amount of the original judgment should have been $7,717,921.

**4** "'In so-called fee shifting cases, in which the responsibility to pay attorney fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of "reasonable" attorney fees is the lodestar method. The lodestar (or touchstone) is produced by multiplying the number of

multiplier was not appropriate and therefore that the instruction allowing the jury to award a multiplier was erroneous.

Our disposition in *Chodos I*, filed on June 18, 2014, read as follows: "The judgment is reversed and the matter is remanded to the trial court with instructions to enter a new judgment based on that portion of the special verdict form that awarded the attorney a $1.8 million lodestar amount based on the jury's finding of a reasonable hourly rate of $1,000 and a reasonable number of hours expended on the two divorce cases and the *Marvin* action of 1,800. As it did in the original judgment, the trial court shall make adjustments to the $1.8 million award by adding the amount of $24,921 and deducting the amount of $107,000. Client shall recover her costs on appeal." (*Chodos I, supra*, 227 Cal.App.4th at pp. 105-106.)

We issued a remittitur on November 4, 2014, and two days later, attorney filed an ex parte application for entry of a revised judgment. Attorney's ex parte application sought, inter alia, postjudment interest on the trial court's revised final judgment and on his trial court costs incurred in his quantum meruit action at 10 percent per annum from September 19, 2013. Client filed an opposition to attorney's ex parte application, and on November 6, 2014, the trial court issued a minute order stating, "The court declines to hear the matter raised by [attorney's] Ex Parte Application since there is no showing of any urgency much less an emergency."

On November 14, 2014, the trial court entered a new final judgment of $1,717,921 in attorney's favor, noting that "[a]ny previously issued Judgment in this case ha[s] been vacated and set aside by virtue of an order by the Court of Appeal . . . ." Attorney filed an appeal on November 25, 2014, contending that the postjudgment interest in the judgment should have run from September 19, 2013, not from November 14, 2014, at 10 percent per annum, and that he should be awarded trial costs from *Chodos I, supra,* 227 Cal.App.4th 76 of $12,983.99, with interest thereon from September 19, 2013.

___

hours reasonably expended by counsel by a reasonable hourly rate.' [Citation.]" (*Chodos I, supra,* 227 Cal.App.4th at p. 82, fn. 2.)

4

## I. Standard of Review

The principal issue on appeal is whether attorney is entitled to postjudgment interest on the revised judgment and on his trial court costs from the date of entry of the original judgment or only from the date of entry of the revised judgment. Code of Civil Procedure section 685.020, subdivision (a) provides in part that "interest commences to accrue on a money judgment on the date of entry of the judgment."[6] The date from which interest should run and the interest rate "are questions of law, which we review de novo." (*Roden v. AmerisourceBergen Corp.* (2010) 186 Cal.App.4th 620, 658 (*Roden*).) The legal question of whether attorney is entitled to interest at the statutory rate from the date of entry of the trial court's original judgment depends on whether our holding in *Chodos I, supra,* 227 Cal.App.4th 76 was in legal effect a modification or a reversal of the trial court's original judgment. (*Snapp v. State Farm Fire & Cas. Co.* (1964) 60 Cal.2d 816, 818.)

## II. Interest on the Judgment

A judgment bears interest from the date of its entry in the trial court even though the judgment is still subject to direct attack. (*Bellflower City School Dist. v. Skaggs* (1959) 52 Cal.2d 278, 280.) As stated in *Munoz v. City of Union City* (2009) 173 Cal.App.4th 199, "'When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of the entry of the original order, not from the date of the new judgment. [Citations.] On the other hand, when a judgment

---

[5] There were no oral proceedings associated with attorney's ex parte application regarding interest and costs. All relevant documents filed in the matter are part of the record, and we decide a pure legal issue. Thus, the record is adequate for our review.

[6] Code of Civil Procedure section 685.020, subdivision (b) contains an exception to this rule for money judgments "payable in installments" that does not apply here.

is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. [Citation.]' [Citation.]" (*Id.* at p. 203; see 7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 333, p. 938.)

Whether an order by an appellate court is a modification or a reversal depends on the substance and effect of that order. (*Snapp v. State Farm Fire & Cas. Co., supra*, 60 Cal.2d at p. 821; see *Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 653.) An appellate court order is "a reversal in the legal sense" when it reverses the trial court and remands an issue to the trial court for further hearing and factfinding necessary to the resolution of the issue forming a basis for appeal. (*Stockton Theatres, Inc. v. Palermo* (1961) 55 Cal.2d 439, 441, 444.) The reversal of a trial court judgment on grounds of insufficient evidence is also a substantive reversal. (*Ehret v. Congoleum Corp.* (2001) 87 Cal.App.4th 202, 210.) Furthermore, when a "trial court ha[s] no authority to award damages at th[e] point" when the award is made, a reversal on appeal is a substantive reversal. (*Roden, supra*, 186 Cal.App.4th at p. 660.) In *Roden,* the Court of Appeal had reversed the award of damages entirely because the trial court had no authority to award damages at the time the award was made. (*Ibid.*)

When, however, an order stated in terms of reversal amends a trial court order on remand to "state what it should have stated on th[e] date" of the original order, it is "in law and in fact, a modification." (*Stockton Theatres, Inc. v. Palermo, supra*, 55 Cal.2d at pp. 443-444.) An order can be "couched in terms of a reversal with directions . . . [but have] the legal and practical effect of modifying the original award." (*Id.* at p. 444.) Language in an appellate court order that "purportedly set[s] aside the original findings and award, [and] which is inconsistent with the actual effect of the decision, should be disregarded." (*Myers v. Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 621, 630.)

In *Snapp v. State Farm Fire & Cas. Co., supra*, 60 Cal.2d at page 818, for example, our Supreme Court held that an appellate court order providing that "the judgment is reversed with directions to enter a judgment for plaintiffs in the amount of $25,000" was in legal and practical effect a modification when the trial court had originally entered a judgment for plaintiffs in the amount of $8,168.25. The Supreme

Court noted that "since the appellate court on the first appeal decided that not $8,168.25 but $25,000 was due as a matter of law, and no further proceedings were required, it could and perhaps should have formally modified the first judgment . . . ." (*Id.* at p. 821.) If a trial court erred as a matter of law by failing to enter a judgment for costs at the time it should have been entered, a higher court's subsequent proper entry of such judgment for costs is a modification, and interest runs from the date on which the judgment should originally have been entered by the trial court. (*Stockton Theatres, Inc. v. Palermo, supra*, 55 Cal.2d at pp. 443-444.)

Although our disposition in *Chodos I, supra,* 227 Cal.App.4th 76 was "couched in terms of a reversal with directions, it had the legal and practical effect of modifying the original award." (*Stockton Theatres, Inc. v. Palermo*, *supra,* 55 Cal.2d at p. 444.) In effect, we ordered the trial court to modify the judgment by reducing the award to a specified sum. The trial court entered a revised judgment in accordance with our order and without any further factfinding proceedings. Our disposition in *Chodos I* was not based on insufficient evidence or on some other basis that eliminated all damages. As in *Snapp v. State Farm Fire & Cas. Co., supra*, 60 Cal.2d at page 821, our holding in *Chodos I* had the effect of modifying the amount of the money judgment entered by the trial court. We did not hold in *Chodos I* that attorney was entitled to no compensation for attorney fees, but rather that attorney was entitled to a lesser specific amount due to an error in the jury instructions at trial. (*Chodos I, supra*, 227 Cal.App.4th at p. 82.) In reality, we modified the original judgment, reducing attorney's fee recovery from $7,717,921 to $1,717,921. Because our disposition in *Chodos I* was in legal and practical effect a modification, rather than a reversal to set aside all damages, attorney is entitled to recover interest at 10 percent per annum from September 19, 2013, the date of the original judgment entered by the trial court.

## III.    Trial Court Costs

Attorney argues that he is entitled to recover his trial court costs of $12,983.99 as a matter of right because client concedes that she did not challenge his memorandum of costs of September 23, 2013; attorney was the prevailing party at trial; and the trial court erred when it failed to award attorney's trial court costs in its original judgment.  Code of Civil Procedure section 1032, subdivision (b) states that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."  Subdivision (a)(4) of that section defines "prevailing party" as "the party with a net monetary recovery."  Under California Rules of Court, rule 3.1700(b)(4), after the 15-day time period to file a motion to strike or to tax costs following service of the memorandum of costs has passed, "the clerk must immediately enter the costs on the judgment."

Attorney timely filed and served a memorandum of costs in accordance with California Rules of Court, rule 3.1700(a)(1).  Client concedes that she did not contest attorney's memorandum of costs.  Therefore, attorney, as the prevailing party, was entitled to recover his trial court costs as a matter of right, and the clerk should have entered the costs on the original judgment within 15 days after attorney served and filed his memorandum of costs.

Attorney also asserts that he is entitled to interest at 10 percent per annum on his trial court costs of $12,983.99 from September 19, 2013, the date of entry of the trial court's original judgment.  "A judgment for costs should be governed by the law applicable to judgments generally." (*Stockton Theatres, Inc. v. Palermo, supra*, 55 Cal.2d at p. 443.)  "Where costs are established by the judgment, but the amount of the award is ascertained at a later time, the court clerk enters the costs on the judgment after the amount is determined." (*Lucky United Properties Inv., Inc. v. Lee* (2010) 185 Cal.App.4th 125, 137.)  The "'[p]rincipal amount of the judgment'" is "the total amount of the judgment as entered or as last renewed, together with the costs thereafter added to the judgment pursuant to [Code Civ. Proc., s]ection 685.090, reduced by any partial

8

satisfactions . . . ." (Code Civ. Proc., § 680.300.) Here, the requested trial court costs should have been entered as part of the original judgment. Those costs, if properly entered, would not have been changed by the revised judgment, which altered only the amount of the attorney fees award.

"Interest at the rate of 10 percent per annum accrues on the unpaid principal amount of the judgment ([Code Civ. Proc.,] § 685.010), including the amount of the cost award and attorney fees award ([Code Civ. Proc.,] § 680.300), as of the date of judgment entry ([Code Civ. Proc.,] § 685.020, subd. (a)). Therefore, interest ordinarily begins to accrue on the prejudgment cost and attorney fees portion of the judgment as of the same time it begins to accrue on all other monetary portions of the judgment—upon entry of judgment." (*Lucky United Properties Inv., Inc. v. Lee, supra*, 185 Cal.App.4th at pp. 137-138.) We thus apply the same analysis to the trial court's judgment awarding attorney trial court costs as we did to the trial court's judgment awarding attorney his attorney fees. Having held that attorney is entitled to interest on the judgment for his attorney fees from its original date of entry, we also hold that attorney is entitled to interest on his trial court costs of $12,983.99 from the date of the original judgment.

## DISPOSITION

The judgment is modified to reflect that attorney shall recover postjudment interest from September 19, 2013, on the trial court's final judgment and shall also recover the trial court costs claimed in his cost memorandum. Interest on the $1,717,921 attorney fees award and the $12,983.99 in trial court costs shall be calculated at 10 percent per annum from September 19, 2013. As so modified, the judgment is affirmed. Attorney shall recover his costs on appeal.

**CERTIFIED FOR PUBLICATION**

MOSK, J.

I concur:

KIRSCHNER, J.*

---

\* Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Hillel Chodos v. Navabeh P. Borman
B260326

TURNER, P.J., Concurring


I concur in the majority opinion. I write separately to address the inadequate record contention of defendant, Navabeth P. Borman. After our remittitur issued, plaintiff, Hillel Chodos, filed an ex parte motion to compel compliance with our remittitur. According to that clerk's minutes of the November 6, 2014 hearing, no court reporter was present. No settled statement of the post-remittitur issuance hearing has been provided. On November 14, 2014, the judgment was entered.

Our prior decision reversed the judgment no doubt, but the gravamen of our opinion was to direct a modification of the judgment. We ordered that specific sums of money be deducted from the original judgment. We did not order a hearing be held or any issues be reconsidered. We issued no orders concerning any other calculation of damages apart from the deductions specified in our opinion. We did not order the issue of prejudgment interest be reconsidered. The case was over. Thus, the absence of a reporter's transcript or a suitable substitute of the post-remittitur issuance ex parte hearing does not permit reversal of the judgment. And the record fails to disclose any error on the face of the record by the trial court. (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93 ["Since appellants have not provided a reporter's transcript of the hearing on the petition, 'we must treat this as an appeal "on the judgment roll."[]. . . .'"'"]; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 325 [when no reporter's transcript is provided, "review is limited to determining whether any error 'appears on the face of the record.'"]) The trial court did exactly as we expressly ordered it to do in our prior opinion and properly modified the judgment.


TURNER, P. J.