Filed 9/8/21  AAWestwood v. Liberal Arts 677 Benevolent Foundation CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AAWESTWOOD, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LIBERAL ARTS 677 BENEVOLENT FOUNDATION, INC., <br><br> Defendant and Appellant. | B302363 <br><br> (Los Angeles County Super. Ct. No. BC504513) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Law Office of Lawrence M. Lebowsky and Lawrence M. Lebowsky for Defendant and Appellant.

Pick & Boydston and Brian D. Boydston for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant and cross-complainant Liberal Arts 677 Benevolent Foundation, Inc. (Liberal Arts) appeals from the trial court's entry of an award of attorney fees which directed that interest accrue on the award beginning on the date the court awarded fees.  In Liberal Arts's view, the court erred in failing to order that interest on the fee award accrue earlier, namely, on the date it entered a money judgment in Liberal Arts's favor.  We affirm.

# II. BACKGROUND

The parties' dispute over certain parking spaces has been the subject of two prior appeals.  We recite here only the facts that are relevant for purposes of the instant appeal.  In 2013, plaintiff AAWestwood, LLC (AAWestwood) filed a complaint against Liberal Arts for quiet title and forcible detainer, and Liberal Arts cross-complained for quiet title and declaratory relief.  (*AAWestwood, LLC v. Liberal Arts 677 Benevolent Foundation* (Nov. 13, 2020, B296066) [nonpub. opn.].)  Following a bench trial, the trial court found in favor of Liberal Arts on certain of the claims, in favor of AAWestwood on other claims, and concluded that Liberal Arts was the prevailing party under Code of Civil Procedure section 1032, subdivision (a)(4).[1] (*AAWestwood, LLC v. Liberal Arts 677 Benevolent Foundation* (May 23, 2018, B275717) [nonpub. opn.] (*AAWestwood I*).)  The court then stated that "'given the facts and circumstances of the

---

[1]    Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

case . . . the Court in its discretion finds that each party should bear its own costs.'" (*Ibid*.)  Notice of entry of judgment was entered on August 17, 2015.

Liberal Arts then filed a motion for attorney fees pursuant to Civil Code section 1717.  (*AAWestwood I, supra*, B275717.) The trial court denied the request, reasoning that its decision not to award costs under section 1032, subdivision (a)(4) controlled. (*Ibid*.)  The court concluded that because it had declined to award costs to either party, it would also decline to award attorney fees. (*Ibid*.)  On May 23, 2018, a panel of this court reversed, holding that the trial court's conclusion that Liberal Arts was the prevailing party pursuant to section 1032 did not resolve the issue of whether Liberal Arts was the prevailing party *on the contract* such that it was entitled to attorney fees under Civil Code section 1717.  (*Ibid*.)  Because, on the record before us, we could not "determine as a matter of law that [Liberal Arts] either was or was not the prevailing party on the contract[,]" we remanded for the court to determine, in the first instance, whether Liberal Arts had prevailed on the contract within the meaning of Civil Code section 1717.  (*Ibid*.)

B.    *Current Appeal*

Following remand, on February 21, 2019, the trial court granted Liberal Arts's motion for attorney fees, finding that it was the prevailing party on the contract and awarding it $225,000 for prejudgment attorney fees, and $55,000 for attorney fees on appeal.

On July 5, 2019, Liberal Arts filed an ex parte application for an order to enter the court's attorney fees award, arguing that

3

the award should be entered as of the date of entry of the judgment, that is, August 17, 2015, and that interest be deemed to have accrued on that date. AAWestwood opposed the application, arguing that interest should only accrue as of February 21, 2019, when the trial court awarded attorney fees.

On September 3, 2019, the trial court ruled that interest on the attorney fees award accrued only as of February 21, 2019. Liberal Arts timely appealed.

## III.  DISCUSSION

### A.    *Standard of Review and Applicable Law*

"[S]ection 685.020, subdivision (a) provides in part that 'interest commences to accrue on a money judgment on the date of entry of the judgment.' [Footnote omitted.]  The date from which interest should run . . . '[is a] question[] of law, which we review de novo.' [Citation.]" (*Chodos v. Borman* (2015) 239 Cal.App.4th 707, 712.)

"A judgment bears legal interest from the date of its entry in the trial court even though it is still subject to direct attack. [Citation.]  When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment.  [Citations.]  On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment.  [Citation.]" (*Stockton Theatres, Inc. v. Palermo* (1961) 55 Cal.2d 439, 442–443 (*Stockton Theatres*).)

4

B.    *Analysis*

Liberal Arts contends that in *AAWestwood I*, we modified, rather than reversed, the judgment and the trial court's attorney fee award therefore should accrue interest from the court's initial judgment date, August 17, 2015.  We disagree.

In *AAWestwood I,* we did not modify the August 17, 2015, judgment, but instead reversed the trial court's ruling denying attorney fees and directed the court to make a further finding as to whether Liberal Arts prevailed on the contract such that it was entitled to attorney fees under Civil Code section 1717.  (*AAWestwood I, supra*, B275717.)  "Up until this point no award of costs for [attorney fees] could have been made because there had been no hearing or finding on the issue of [whether Liberal Arts had prevailed on the contract.]"  (*Stockton Theatres, supra*, 55 Cal.2d at p. 443.)  If the court, on remand, found that Liberal Arts had prevailed on the contract, it was directed to award attorney fees.  (*Ibid*.)  "Under the general rule applicable to judgments, such an award would bear interest not from [August 17, 2015], but from the date that this last order was made."  (*Ibid*.; see also *Felczer v. Apple, Inc.* (2021) 63 Cal.App.5th 406, 415 (*Felczer*) [where, as here, "the court must still determine *if* one side should pay certain expenses of their opponent, there is no money judgment as to those expenses unless and until the court decides they are recoverable.  There may already be a money judgment with respect to other monetary payments the court has ordered, but that judgment cannot constitute a money judgment for costs that a party has yet to demonstrate it is entitled to recover"].)  "Thus, it was not until [February 21, 2019,] when the court decided [Liberal Arts's]

motion for attorney fees that their right to collect those fees was established. Accordingly, the order on attorney[ ] fees constitutes a separate money judgment and interest on that judgment began to accrue on that later date. [Fn. omitted.]" (*Felczer, supra*, 63 Cal.App.5th at p. 416.)

Liberal Arts also cites California Rules of Court, rule 3.1700(b)(4)[2] in support of its argument that entry of costs on the August 17, 2015, judgment by the clerk means interest on the costs accrues from the date of judgment. We disagree. "That the clerk enters the costs 'on the judgment' strongly implies that the amount of the cost award becomes part of the judgment, at least to some extent. But it does not necessarily dictate *when* interest on that part of the judgment begins to accrue. . . . [¶] . . . [¶] . . . [R]ule 3.1700(b)(4) simply states that '[a]fter the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment.' We do not read this rule as establishing that court clerks wield a formal nunc pro tunc power when they add costs to the judgment. . . . So although the clerk regularly adds awards of fees and costs onto an earlier judgment so that a single sum can be subject to collection, this clerical action cannot broaden the court's nunc pro tunc power beyond proper bounds. Nor does it transform that judgment into a single, immutable document for all purposes, and specifically for the purpose of determining when interest should begin to accrue." (*Felczer, supra*, 63 Cal.App.5th at pp. 413–414, fns. omitted.)

---

[2] Further rule references are to the California Rules of Court. Rule 3.1700(b)(4) provides: "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment."

Here, the trial court initially concluded that at the time of judgment, August 17, 2015, Liberal Arts was not entitled to recover any fees. The determination of Liberal Arts's right to attorney fees did not occur until February 21, 2019. Accordingly, the court did not err when it concluded that interest on the attorney fees award accrued from February 21, 2019, rather than the earlier date of August 17, 2015.

## IV.  DISPOSITION

The September 3, 2019, order is affirmed. AAWestwood, LLC is awarded costs, which does not include attorney fees, on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

7