Filed 4/24/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RENEE VINES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>    Defendant and Appellant. | B327821<br><br>(Los Angeles County Super. Ct. No. PC058046) |

    APPEAL from an order of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge.  Reversed with directions.

    Higgs Fletcher & Mack, John Morris, James M. Peterson, Derek W. Paradis and Steven M. Brunolli for Defendant and Appellant.

    Mayall Hurley, William J. Gorham III and Nicholas F. Scardigli for Plaintiff and Respondent.

# INTRODUCTION

This appeal, the second in this litigation, is about interest on an award of statutory attorneys' fees. In particular, whether interest on the award runs from the first, later-reversed attorneys' fees order or the second, post-remand attorneys' fees order. The answer depends on whether our opinion in the prior appeal was a modification (so that interest runs from the first order, which is what the prevailing plaintiff wants) or a reversal (so that interest runs from the second, which is what the defendant wants).

The line between modification and reversal, however, like that (for example) between a mandatory and prohibitory injunction, can be a little blurry. Here, however, we can safely draw that line. Our directions in the prior appeal required the trial court to do more than perform a pure mathematical computation or add or delete a category of fees; the trial court had to exercise its discretion to determine an appropriate award of attorneys' fees. Therefore, our prior opinion was a reversal, not a modification, which means interest runs from the second attorneys' fees award.

The case arises out of an employment dispute. Renee Vines sued his former employer, O'Reilly Auto Enterprises, LLC, for violations of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), alleging causes of action for race- and age-based discrimination, harassment, and retaliation. A jury found in his favor on his causes of action for retaliation and failure to prevent retaliation, but against him on his other causes of action. Although Vines asked for $253,417 in economic damages and

$1.3 million to $2.3 million in non-economic damages, the jury awarded him only $70,200.

Vines moved for $809,681.25 in statutory attorneys' fees. On September 9, 2019 the trial court granted the motion, but awarded only $129,540.44 in fees, based in part on the court's determination Vines's unsuccessful discrimination and harassment causes of action were not closely related to or factually intertwined with his successful retaliation causes of action.

Vines appealed, and we reversed. We held the trial court erred in finding that, because the facts related to Vines's (successful) retaliation causes of action arose after he complained about the discriminatory and harassing conduct, the (unsuccessful) discrimination and harassment causes of action were not related to the (successful) retaliation causes of action. Therefore, we concluded, the trial court erred in ruling Vines was not entitled to recover any fees he incurred pursuing his discrimination and harassment causes of action. (*Vines v. O'Reilly Auto Enterprises, LLC* (2022) 74 Cal.App.5th 174, 185 (*Vines I*).)

On remand the trial court on June 29, 2022 awarded Vines $518,161.77 in fees. O'Reilly paid the fee award, including postjudgment interest from June 29, 2022. Vines's attorneys, however, wanted more; specifically, they wanted interest on the attorneys' fees award from September 9, 2019, not June 29, 2022, which amounted to an additional $138,454.44 in interest.

Rather than asking the court to enter an amended judgment that included the award of attorneys' fees plus additional interest or seeking an order for additional interest, Vines applied for and obtained a renewal of the judgment in the

3

amount of $138,454.44 (i.e., the additional interest). O'Reilly filed a motion to vacate the renewal of judgment, which the trial court denied.

O'Reilly appeals from the order denying its motion to vacate the renewal of judgment,[1] challenging only the amount of interest on the award of attorneys' fees. O'Reilly argues that, because our decision in *Vines I* was a reversal, not a modification, of the trial court's September 9, 2019 order, interest on the amount of attorneys' fees awarded should run from June 29, 2022, not September 9, 2019. We agree with O'Reilly, reverse the order denying O'Reilly's motion to vacate the renewed judgment, and direct the trial court to grant the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Finds in Favor of Vines on Some of His Causes of Action Under FEHA*

In 2017 Vines filed this action against O'Reilly, alleging his supervisor and others discriminated against him and harassed him because of his age and race, in violation of FEHA. Vines also alleged O'Reilly terminated his employment after he complained about the harassment and discrimination. Vines asserted six causes of action: two for discrimination (race and age); two for

---

[1]      "The renewal of a judgment is not an appealable event . . . because there is no separate entity called a renewed judgment . . . . Instead, it is the order denying a motion to vacate renewal of a judgment that is appealable, as an order after (the underlying) judgment." (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 262, fn. 4, internal quotation marks omitted.)

harassment (race and age); one for retaliation; and one for failure to prevent discrimination, harassment, and retaliation.

In 2018 O'Reilly moved for summary judgment or in the alternative summary adjudication on each of Vines's causes of action. The trial court granted the motion for summary adjudication on Vines's causes of action for age discrimination and age harassment. The parties tried the remaining four causes of action (race discrimination, racial harassment, retaliation, and failure to prevent discrimination, harassment, and retaliation) to a jury. The jury found against Vines on his causes of action for race discrimination and harassment, but in favor of Vines on his causes of action for retaliation and failure to prevent discrimination, harassment, and retaliation. The jury awarded Vines $70,200 in damages.

B. *Vines Seeks $809,681.24 in Attorneys' Fees, but the Trial Court Awards Him Only $129,540.44*

Vines moved under Government Code section 12965, subdivision (c), for $809,681.25 in attorneys' fees, based on a lodestar of $647,745, with a multiplier of 1.25 because of the difficulty of the case, the skills displayed by Vines's attorneys, and the fact his attorneys represented him on a contingency basis. Vines argued his failure to prevail on his causes of action for discrimination and harassment did not warrant a downward (or fractional) lodestar adjustment because his causes of action for retaliation and failure to prevent retaliation (on which he prevailed) were related to his causes of action for unlawful discrimination and harassment (on which he did not).

In its opposition to Vines's motion, O'Reilly argued that Vines was not the prevailing party, but that even if he was, the

5

trial court should deny his fee request entirely because the amount of fees he requested was excessive given his limited success and the comparatively nominal jury award of $70,200. In the alternative, O'Reilly argued the trial court should substantially reduce the amount of fees because the unsuccessful causes of action were not related to the successful causes of action. O'Reilly also argued Vines had obtained only limited success in the litigation, not substantial relief or "excellent results." O'Reilly contended that Vines's attorneys spent more than 75 percent of their time on the harassment and discrimination causes of action and that the court should not award fees for time spent litigating the unsuccessful causes of action. O'Reilly also argued the court should make additional reductions for counsel for Vines's unreasonable billing entries, excessive hourly rates, and unreasonable settlement positions. O'Reilly also asked the court to reduce the lodestar figure to 33 percent of the requested amount, in part because Vines prevailed only on one-third of his causes of action.

The trial court awarded Vines $129,540.44 in attorneys' fees. The court found that Vines was the prevailing party because he had succeeded on his causes of action for retaliation and failure to prevent retaliation and that the court had discretion to award Vines reasonable attorneys' fees. As for O'Reilly's contention Vines could only recover on his two successful retaliation-based causes of action, the court found Vines had "won substantial relief and obtained excellent results." The court, however, found Vines's unsuccessful causes of action for discrimination and harassment were not sufficiently related to or factually intertwined with his successful causes of action for retaliation. The court agreed with O'Reilly the facts regarding

6

the retaliation allegations occurred after the facts regarding the allegations of discrimination and harassment. Thus, based on the finding Vines's attorneys spent 75 percent of their time on the unsuccessful causes of action for discrimination and harassment, the court ruled Vines was not entitled to recover 75 percent of the fees his attorneys charged.

The trial court also subtracted certain fees the court found were not reasonably incurred, reduced the hourly rate for Vines's attorney Nicholas Scardigli, rejected O'Reilly's argument Vines should not recover any fees incurred after O'Reilly's settlement offer, and declined to apply an upward or downward multiplier to the lodestar figure. From Vines's requested lodestar of $647,745, the court subtracted $129,583.23 for fees the court found were not reasonably incurred and for Scardigli's reduced hourly rate, resulting in a subtotal of $518,161.77, which the court then reduced by 75 percent (to $129,540.44) to account for Vines's failure to prevail on his discrimination and harassment causes of action.

C. *Vines Appeals from the Attorneys' Fees Order, and We Reverse*

Vines appealed from the trial court's order awarding him attorneys' fees, arguing the court abused its discretion in reducing the fee award by 75 percent. Vines argued "the trial court's ruling was based on a faulty temporal analysis that failed to recognize he had to present evidence of the conduct underlying his discrimination and harassment claims to prove the reasonableness of his belief that such conduct was unlawful, as required to succeed on his retaliation cause of action." (*Vines I*, *supra*, 74 Cal.App.5th at p. 185.) We agreed, concluding the trial

7

court erred in ruling that, "because 'any facts related to [Vines] being retaliated against arose after [he] complained about the discrimination and harassment conduct,'" the causes of action were not sufficiently related or factually intertwined. (*Id*. at p. 186.) We held that "[e]vidence of the facts regarding the alleged underlying discriminatory and harassing conduct about which Vines had complained was relevant to establish, for the retaliation cause of action, the reasonableness of his belief that conduct was unlawful." (*Ibid*.) Our disposition stated: "The postjudgment order awarding attorney fees is reversed, and the cause remanded for further proceedings not inconsistent with this opinion." (*Id*. at p. 190.)

### D. *On Remand the Trial Court Awards $518,161.77 in Attorneys' Fees*

On remand Vines contended that in *Vines I* we had directed the trial court "to perform a simple mathematical function" and that the trial court should reverse the 75 percent reduction the court had made for the unsuccessful causes of action and award $518,161.77. O'Reilly argued that, although we rejected the trial court's rationale for reducing Vines's fee request by 75 percent, we did not express an opinion on the "wisdom of the fee amount." O'Reilly asked the trial court to award attorneys' fees in an amount similar to its previous award of $129,540.44 and suggested "several other paths" the court could use to reach that result.

On June 29, 2022 the trial court held a hearing. The court stated that in *Vines I* we had "clearly found the fees intertwined in bringing the entire action regardless of whether [Vines] prevailed on all claims" and that the court "declines to once again

8

make a finding of decoupled fees." After deciding not to increase or decrease the lodestar amount by applying a multiplier, the court awarded $518,161.77 in attorneys' fees.

E. *The Trial Court Denies O'Reilly's Motion To Vacate the Renewal of Judgment*

O'Reilly paid Vines the full amount of the fee award plus interest accruing from June 29, 2022, the date of the second attorneys' fees order.[2] Vines applied for a renewal of judgment under Code of Civil Procedure sections 683.110 et seq. in the amount of $138,454.44 for interest accruing from September 9, 2019, the date of the original order awarding fees.[3] The court issued a renewal of judgment.

---

[2] O'Reilly paid Vines $129,540.44 in January 2021 while *Vines I* was pending, and an additional $397,886.41 in July 2022, for a total of $527,426.85.

[3] "Code of Civil Procedure section 683.020, which defines the period for enforceability of judgments, provides after the expiration of 10 years after the date of entry of a money judgment . . . the judgment may not be enforced. One way to preserve such a judgment is to file an application for renewal under the terms of Code of Civil Procedure sections 683.120 and 683.130 before the expiration of the 10-year enforceability period. Such application automatically renews the judgment for a period of 10 years . . . ." (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 372-373.) The "entry of the renewed judgment is a ministerial act . . . ." (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2008) 168 Cal.App.4th 185, 191.) Why Vines applied for a renewal of a judgment that was less than a year old is a mystery, a procedural irregularity O'Reilly does not challenge.

9

O'Reilly filed a motion to vacate the renewal of judgment. O'Reilly argued that *Vines I* was a reversal because we directed the trial court to conduct further proceedings and determine a reasonable fee award and that therefore Vines was entitled to interest only from the date of the trial court's June 29, 2022 order. Vines argued our decision in *Vines I* was a modification because Vines challenged only discrete portions of the trial court's September 9, 2019 order and our opinion left significant portions of that order undisturbed. The trial court denied the motion to vacate. The court agreed with Vines that our decision in *Vines I* was a modification, not a reversal, and that interest ran from the September 9, 2019 attorneys' fees order. O'Reilly timely appealed.

**DISCUSSION**

A.     *Applicable Law and Standard of Review*

A judgment bears interest from the date of its entry in the trial court, even though it is still subject to direct attack. (*Chodos v. Borman* (2015) 239 Cal.App.4th 707, 712 (*Chodos*); see *Stockton Theatres, Inc. v. Palermo* (1961) 55 Cal.2d 439, 442 (*Stockton Theatres*).) "When a judgment is modified upon appeal, whether upward or downward, the new sum draws interest from the date of entry of the original order, not from the date of the new judgment. [Citations.] On the other hand, when a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment." (*Stockton Theatres*, at pp. 442-443; accord, *Munoz v. City of Union City* (2009) 173 Cal.App.4th 199, 203.)

10

Whether an appellate court's disposition is a modification or a reversal depends on the substance and effect of the order, not its form.  (*Chodos*, *supra*, 239 Cal.App.4th at p. 713; see *Snapp v. State Farm Fire & Cas. Co.* (1964) 60 Cal.2d 816, 821 (*Snapp*).)  "An appellate court order is 'a reversal in the legal sense' when it reverses the trial court and remands an issue to the trial court for further hearing and factfinding necessary to the resolution of the issue forming a basis for appeal."  (*Chodos*, at p. 713; see *Stockton Theatres*, *supra*, 55 Cal.2d at p. 444.)  But where "an order stated in terms of reversal amends a trial court order on remand to 'state what it should have stated on th[e] date' of the original order, it is 'in law and in fact, a modification.'"  (*Chodos*, at p. 713; see *Stockton Theatres*, at pp. 443-444.)  The date from which postjudgment interest runs is a legal question, which we review de novo.  (*Chodos*, at p. 712.)

B.      *The Trial Court Erred in Ruling* Vines I *Was a Modification*

O'Reilly argues that our decision in *Vines I* was a reversal, not a modification, and that the trial court erred in ruling interest ran from September 9, 2019, the date of the original attorneys' fees award.  In that order the trial court recognized that a "party may recover attorneys' fees for time spent litigating unsuccessful claims when they are 'closely related to or factually intertwined with' the successful ones."[4]  The trial court found the

_____

[4]      This is the first step of the two-part inquiry outlined in *Hensley v. Eckerhart* (1983) 461 U.S. 424, 434, which California courts follow in calculating an award of attorneys' fees to a partially prevailing party.  (See *Vines I*, *supra*, 74 Cal.App.5th at pp. 182-183.)  "Where a prevailing plaintiff succeeded on only

11

unsuccessful causes of action for discrimination and harassment were not sufficiently related to or factually intertwined with the successful retaliation causes of action because "any facts related to [Vines] being retaliated against arose after [he] complained about the discrimination and harassment conduct." In *Vines I* we concluded that ruling was legal error because evidence of the discriminatory and harassing conduct Vines claimed he experienced was relevant to prove he reasonably believed that conduct was unlawful, an element of his retaliation causes of action. (*Vines I, supra*, 74 Cal.App.5th at p. 186.) Therefore, we held, the trial court "erred in determining any facts related to the retaliation claim arose after he had complained about that conduct." (*Id.* at p. 187.) We reversed the September 9, 2019 order, directed the trial court to "recalculate Vines's fee award," and "remanded for further proceedings not inconsistent with this opinion." (*Id.* at pp. 177, 190.)

Because the effect of our opinion in *Vines I* was to remand the matter "for further hearing and factfinding necessary" (*Chodos, supra*, 239 Cal.App.4th at p. 713) to determine an appropriate fee award, *Vines I* was a reversal, not a modification. We did not hold that Vines's unsuccessful causes of action were (or were not) closely related to or sufficiently factually intertwined with his successful causes of action as a matter of

---

some claims, the court should make a two-part inquiry: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" (*Id.* at p. 183, quoting *Hensley*, at p. 434.)

law.[5]  We stated the trial court committed legal error by relying on an incorrect reason for concluding the causes of action were not sufficiently related or factually intertwined.  We directed the trial court to determine, using the appropriate legal standard, whether the causes of action were related and, if so, to proceed to the second step of the analysis under *Hensley v. Eckerhart* (1983) 461 U.S. 424 and decide whether to reduce Vines's fee award because he achieved "'only partial or limited success.'"  (*Vines I*, *supra*, 74 Cal.App.5th at p. 183; see *Hensley*, at p. 436.)

As directed, the trial court conducted further proceedings, allowed the parties to submit briefs, and held a hearing on the amount of the fee award.  Vines argued the court should simply undo the 75 percent reduction and award $518,161.77.  O'Reilly argued that, under the second step of the *Hensley* inquiry, the court should reduce Vines's fee request because he achieved limited success and the case was not complex.  O'Reilly also asked the court not to award any fees incurred after Vines rejected O'Reilly's settlement offer.

The trial court essentially restored the 75 percent reduction the court had previously imposed, awarding Vines $518,161.77 in attorneys' fees to "reflect[ ] the balance prior to the 75% reduction."  The trial court concluded that in *Vines I* we instructed the court to "determine the fees as if the fees incurred

_____

[5]  As we stated in *Vines I*, "our reversal of the trial court's order in this case is not based on a determination that retaliation claims in all circumstances must be found to be closely intertwined with the underlying discrimination claims for purposes of assessing reasonableness of attorney fees." (*Vines I*, *supra*, 74 Cal.App.5th at p. 188.)

13

on the non-successful claims were sufficiently related or factually intertwined." The trial court also concluded (somewhat inconsistently) that in *Vines I* we instructed the court to "make the determination based on the 'probative' process in investigating the common core of facts rather than drawing 'historical fact' distinctions." After discussing the two-part *Hensley* inquiry, the trial court stated that in *Vines I* we "clearly found the fees intertwined" and that the trial court "decline[d] to once again make a finding of decoupled fees." Recognizing it had discretion to adjust the lodestar up or down, the court considered, and rejected, O'Reilly's request to reduce the lodestar. The court also found there were "no extraordinary circumstances" that would justify increasing the lodestar.[6]

When the trial court stated (in its order denying O'Reilly's motion to vacate the renewal of judgment) that it had "engaged in no new fact-finding" in its June 29, 2022 order, the court appears to have incorrectly focused on whether the facts, rather than the factfinding, were new. The court stated that, because the "increased fee award" involved "fees incurred in bringing the case to trial, rather than an increase in fees unique to the appellate process," the court's factfinding was not "new," and our opinion in *Vines I* was a modification. The court misunderstood. The issue

---

[6]     While the trial court recognized it had discretion to adjust the lodestar amount up or down, it appears the court (incorrectly) believed it did not have discretion to find Vines's successful and unsuccessful causes of action were not sufficiently related or factually intertwined, in whole or in part. The trial court misread our opinion in *Vines I*. We did not hold the successful and unsuccessful causes of action were closely related or factually intertwined as a matter of law; we held the trial court's analysis in reaching a contrary conclusion was legally erroneous.

14

was not whether Vines incurred any new fees since the first ruling on the motion for attorneys' fees; the issue was whether in *Vines I* we directed the court to hear new argument, make new factual findings, and determine anew the amount of Vines's reasonable attorneys' fees (which is what we did).

Vines asserts our opinion in *Vines I*, like those in *Stockton Theatres*, *supra*, 55 Cal.2d 439 and *Snapp*, *supra*, 60 Cal.2d 816, was a modification "because it expressly left significant portions of the trial court's order intact and 'undisturbed on remand,' including the trial court's reductions 'in the amount of $129,583.23 for specific billing entries' and the $129,540.44" for Vines's successful retaliation causes of action. Vines is correct that, in *Vines I* we left the reductions for specific billing entries "undisturbed" because Vines forfeited his challenge to those reductions. But we did not leave undisturbed the trial court's order awarding $129,540.44 in fees. On remand the trial court had discretion to award a greater or lesser amount. More to the point, whether an opinion reverses an entire judgment or only portions of it is not the test for distinguishing between a reversal and a modification. Vines cites no authority for his assertion, other than pointing out that the opinions in *Stockton Theatres* and *Snapp* were modifications that left portions of the challenged orders intact. But that was not the determinative factor in either case.

*Stockton Theatres* involved multiple appeals, including one reversal and one modification. After the plaintiff filed a memorandum of costs on appeal, the trial court in 1954 allowed most of the claimed costs, but disallowed the cost of a surety bond to preserve an attachment on appeal. (*Stockton Theatres*, *supra*, 55 Cal.2d at p. 440.) The Supreme Court reversed. The Court

15

held the bond premium was a recoverable cost if it was reasonably necessary to preserve appellate rights and directed the trial court to determine whether the bond was necessary and, if so, to allow the premium as a cost.  (*Id*. at p. 441.)  On remand the trial court in 1957 ruled the bond was unnecessary and again disallowed the cost.  The plaintiff appealed again, and the Supreme Court reversed again.  The Court "held that the evidence produced at the hearing demonstrated 'as a matter of law' that the challenged expenditure was 'necessary'" and ordered the trial court to allow the bond premium as a cost.  (*Ibid*.)  On remand again the trial court in 1959 allowed the bond premium as a cost and ordered interest to accrue from the date of its 1959 order.  (*Ibid*.)  The plaintiff appealed a third time, arguing the trial court erred in ruling interest did not accrue until 1959.  (*Id*. at p. 442.)

The Supreme Court stated that its first opinion "was a legal reversal" because "it directed the trial court to hold a hearing on the necessity for the expenditure, and to make its award of costs depend upon the outcome of that hearing."  (*Stockton Theatres*, *supra*, 55 Cal.2d at p. 443.)  The Supreme Court held that its second opinion, in contrast, was a modification because the Court held in that case "the trial court, as a matter of law, should have entered its order allowing the bond premium as an item of costs" at the 1957 hearing.  (*Id*. at p. 444.)  Therefore, interest accrued from the trial court's 1957 order.  (*Ibid*.)  Like the first opinion in *Stockton Theatres*, our opinion in *Vines I* was a reversal because we directed the trial court to hold a hearing on Vines's fee request and determine a reasonable attorneys' fees award.  As

16

discussed, we did not hold Vines was entitled to recover the full amount of fees he requested.[7]

Vines's reliance on *Snapp*, *supra*, 60 Cal.2d 816 is also misplaced. In *Snapp* the trial court held a property insurer was liable to its insured only for damage that occurred before the policy was terminated, and the court awarded $8,168.25 in damages. (*Id*. at p. 817.) The Supreme Court held "the insurance company was liable, under the findings, and as a matter of law," not only for the damage the trial court awarded, but also for damage that occurred after the termination date caused by factors that existed before the termination, up to the policy limit of $25,000. (*Id*. at pp. 817-818.) Because the record showed the damage exceeded $25,000, the Supreme Court reversed the judgment "'with directions to enter judgment for plaintiffs in the amount of $25,000.00.'" (*Id*. at p. 818.) The Supreme Court concluded "the so-called 'reversal' with directions, was, in fact and in law, a 'modification.'" (*Id*. at p. 820.) The Court stated that "the original judgment was increased from $8,168.25 to $25,000, based solely on the record then before the appellate court. No issues remained to be determined. No further evidence was necessary." (*Ibid*.) That was not the case in *Vines I*, where

---

[7]     Vines argues *Stockton Theatres* is distinguishable because, at the time of the first opinion in that case, there had not yet been an evidentiary hearing on whether the bond was necessary. (See *Stockton Theatres*, *supra*, 55 Cal.2d at p. 441.) In contrast, Vines argues, when we decided *Vines I* the trial court had already held a hearing and determined Vines was entitled to attorneys' fees as the prevailing party. But what made the first opinion in *Stockton Theatres* a reversal was not what had occurred in the trial court, but what the Supreme Court instructed the trial court to do on remand. (*Stockton Theatres*, at p. 441.)

17

the record did not allow us to decide the amount of reasonable attorneys' fees as a matter of law. Instead, that issue remained to be determined by the trial court.

The other modification cases on which Vines relies are similarly distinguishable. In each of those cases the reviewing court instructed the trial court to enter judgment in a certain amount and did not direct the trial court to conduct further proceedings. (See *Chodos*, *supra*, 239 Cal.App.4th at pp. 711, 714 [opinion instructing the trial court to "enter a new judgment based on . . . a $1.8 million lodestar amount" and to "make adjustments to the $1.8 million award by adding the amount of $24,921 and deducting the amount of $107,000" was a modification]; *Ehret v. Congoleum Corp.* (2001) 87 Cal.App.4th 202, 205 [opinion remanding "the case to the trial court to enter judgment . . . in the amount of $817,896" was a modification].)[8] Because we did not "amend" the trial court's order to "'state what it should have stated'" on the date of the original order (*Chodos*, at p. 713), our decision in *Vines I* was a reversal, not a modification.

---

[8] Vines cites *Felczer v. Apple Inc.* (2021) 63 Cal.App.5th 406, at page 409 for the proposition that interest on an award of costs "begins on the date of the judgment or order that establishes the right of a party to recover a particular cost item, even if the dollar amount has yet to be ascertained." But the issue in *Felczer* was whether interest began to accrue on an award of prejudgment costs on the date the judgment was entered or on a later date when the court determined the precise amount of costs awarded. (*Id*. at p. 410.) The court in *Felczer* did not address the issue in this case: when interest accrues after an order awarding costs is reversed on appeal.

C.     *The Trial Court Erred in Denying O'Reilly's Motion To Vacate the Renewal of Judgment*

As noted,[9] submitting a request for a renewal of the judgment in this case was an odd way for Vines to ask the trial court to increase the amount of interest on the award of attorneys' fees.  O'Reilly, however, did not object to that procedure in the trial court and does not argue on appeal the procedure was erroneous.

In any event, a proper renewal of judgment "may be vacated on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment . . . is incorrect."  (Code Civ. Proc., § 683.170, subd. (a); see *Altizer v. Highsmith* (2020) 52 Cal.App.5th 331, 339.)  O'Reilly had the burden of proving by a preponderance of the evidence it was entitled to relief under Code of Civil Procedure, section 683.170, subdivision (a).  (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 161.)  Where the trial court's decision to deny a motion to vacate a renewal of judgment rests on an incorrect rule of law, we review the decision de novo.  (*Id.* at pp. 161-162.)

As discussed, the trial court erred in ruling that our decision in *Vines I* was a modification and that interest accrued on the attorneys' fees award from the September 9, 2019 attorneys' fees order.  O'Reilly paid the attorneys' fees award and interest accruing from June 29, 2022, which fully satisfied the judgment.  The renewal of judgment was for additional interest accruing from September 9, 2019.  Because Vines was not entitled to that additional interest, the amount of the renewed judgment was incorrect, and the trial court erred in denying

---

[9]     In footnote 3.

19

O'Reilly's motion to vacate the renewal of judgment. (See Code Civ. Proc., § 683.170, subd. (a).)

## DISPOSITION

The order denying O'Reilly's motion to vacate the renewal of judgment is reversed. The trial court is directed to enter a new order granting the motion and vacating the renewal of judgment. O'Reilly is to recover its costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.

20